[Cite as *Residential Credit Solutions, Inc. v. Virgili*, 2012-Ohio-506.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| | : | **JUDGES:** |
| RESIDENTIAL CREDIT SOLUTIONS, INC. | : | Hon. Patricia A. Delaney, P.J. |
| | : | Hon. W. Scott Gwin, J. |
| | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | Case No. 2011-COA-024 |
| | : | |
| LISA A. VIRGILI, ET AL | : | |
| | : | O P I N I O N |
| Defendant-Appellant | | |

CHARACTER OF PROCEEDING:      Civil appeal from the Ashland County Court of Common Pleas, Case No. 09-CFR-350

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      February 8, 2012

APPEARANCES:

For Plaintiff-Appellee

WILLIAM T. MCINTYRE
BROWN,BEMILLER MURRAY
MCINTYRE & HARING, LLP
24 W. 3rd Street
Mansfield, OH 44902

For Defendant-Appellant

BRIAN J. HALLIGAN
VALERIE A. LANG
HALLIGAN & LANG CO., LPA
1149 East Main Street, Box 455
Ashland, OH 44805

*Gwin, P.J.*

{1} Defendant-counterclaimant-appellant Lisa Virgili and her minor son, Blake Stout ("Virgili") appeal a summary judgment of the Court of Common Pleas of Ashland County, Ohio, which found counterclaim defendant-appellee PNC ("PNC") to be a bank not subject to the Ohio Consumer's Sales Practices Act, and not an agent of the seller, defendant Lee A. Schlingman, who is not a party to this appeal. Appellant assigns two errors to the trial court:

{2} "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT BECAUSE APPELLEE PNC MORTGAGE (FKA NATIONAL CITY MORTGAGE) FAILED TO PRODUCE ANY EVIDENCE PERMITTED BY CIV. R. 56 (C) AND CIV. R. 56 (E).

{3} "II. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT BECAUSE REASONABLE MINDS COULD REACH DIFFERENT CONCLUSIONS AS TO WHETHER APPELLEE ACTED AS A SELLER OR AGENT OF THE SELLER WHERE APPELLEE VOLUNTARILY ASSUMED DUTIES THAT IT FAILED TO DISCHARGE WITH ORDINARY CARE."

{4} For the reasons that follow, we find neither assignment of error is well taken, and we affirm the trial court's judgment.

{5} At the outset, we note the judgment appealed from is a final appealable order over which we have jurisdiction. Although issues remain pending against other parties, the court's judgment resolves all the claims set out in the counterclaim against PNC. The court also found no just reason for delay pursuant to Civ. R. 54.

{6} The trial court's judgment entry does not set out the facts it found to be material and undisputed. Virgili's statement pursuant to Loc. App. 9 states the judgment is inappropriate as a matter of law because an issue remains regarding whether PNC owed a duty as a seller of the real estate. Virgili also submits there is a genuine dispute as to five facts: (1) Was PNC an agent of Schlingman or appellant's belief of agency reasonable under the circumstances? (2) Was there an agreement between PNC and Schlingman whereby the former would prepare forms necessary to effectuate the sale of the real estate? (3) Whether PNC is a financial institution, a mortgage company, or non-bank lender? (4) Whether PNC employee Susan Jurjevic was a loan officer? And, (5) Whether PNC breached any duties which arose by operation of law.

{7} The record indicates appellant Lisa Virgili purchased a home from Schlingman under a contract provided to the parties by PNC. PNC also furnished the residential real estate disclosure form and the lead-based paint hazard form. In order to become eligible for the loan, Virgili had to reduce her debt-to-credit ratio. She alleged to assist her in reducing her debt, Schlingman improperly purchased her truck to discharge the loan on it, and also deposited funds into Virgili's bank account, with the full knowledge and consent of National City Mortgage, PNC's predecessor in interest.

{8} Sometime after moving into the home, Virgili's son, Blake, apparently ingested lead-based paint, and became ill. Appellant was forced to move from the home to an apartment, and she was unable to pay both rent and the mortgage payment. Plaintiff Residential Credit Solutions, which is not a party to this appeal, foreclosed on the mortgage, and Virgili filed a counterclaim against PNC. The counterclaim alleged violations with the duty of good faith and a violation of Ohio Consumer Sales Practices

Act. PNC Bank alleges that it is the successor by merger to National City Mortgage, a division of National City Bank, and the Ohio Consumer Sales Practices Act does not apply to banks.

{9} Civ. R. 56 states in pertinent part:

{10} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

{11} A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts, *Houndshell v. American States Insurance Company,* 67 Ohio St. 2d 427 (1981). The court may not resolve ambiguities in the evidence presented, *Inland Refuse Transfer Company v. Browning-Ferris Industries of Ohio, Inc.,* 15 Ohio St. 3d

321(1984) . A fact is material if it affects the outcome of the case under the applicable substantive law, *Russell v. Interim Personnel, Inc.*, 135 Ohio App. 3d 301(1999).

**{12}** When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court, *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St. 3d 35 (1987). This means we review the matter de novo, *Doe v. Shaffer,* 90 Ohio St.3d 388, 2000-Ohio-186.

**{13}** The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the non-moving party's claim, *Drescher v. Burt*, 75 Ohio St. 3d 280 (1996). Once the moving party meets its initial burden, the burden shifts to the non-moving party to set forth specific facts demonstrating a genuine issue of material fact does exist, Id. The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary material showing a genuine dispute over material facts, *Henkle v. Henkle*, 75 Ohio App. 3d 732 (1991).

I.

**{14}** In her first assignment of error, Virgili argues PNC filed its motion for summary judgment without accompanying affidavits or other supporting materials.

**{15}** Pursuant to Civ. R. 56(A), the movant is not required to support its motion for summary judgment with evidentiary materials. Virgili did not file a cross motion for summary judgment but responded to PNC's motion, and raised various issues, including violation of the Ohio Consumer Sales Practices Act, whether PCN acted as

Schlingman's agent, and predatory lending. Virgili filed an affidavit in support of her counterclaim.

**{16}** The trial court granted leave for PNC to file a response to Virgili's memorandum opposing the motion for summary judgment. Virgili argues various unsworn documents were attached to PNC's reply, including a copy of an October 27, 2009 letter, a copy of the certificate for trade name renewal, and the mortgage note. She challenges excerpts of the depositions of Virgili and Schlingman attached to the PNC's reply, asserting those depositions were never filed with the trial court and made a part of the record.

**{17}** In *Dick v. Tab Tool & Die Co., Inc.*, 5th Dist. No. L 2008-CA-0013, 2008-Ohio-5145, 2008 WL 4444765, this court found in ruling on a motion for default, a court has discretion to consider a portion of a deposition not filed with the court if the opposing party does not dispute the accuracy of the pages. *Dick* at ¶ 22.

**{18}** In the deposition of Susan Jurjevic, she identifies the notification of the loan action and the promissory note. In Jurjevic's deposition, she stated she was an employee of National City Mortgage during the time in question. The deposition, filed January 19, 2011, is sufficient verification of the documents. The deposition does not address the trade name renewal for National City Mortgage Company.

**{19}** R.C. 1345.04 defines the terms consumer transaction and loan officer.

> (A) "Consumer transaction" means a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things. "Consumer transaction" does not include transactions between persons, defined in sections 4905.03 and

5725.01 of the Revised Code, and their customers, except for transactions involving a loan made pursuant to sections 1321.35 to 1321.48 of the Revised Code and transactions in connection with residential mortgages between loan officers, mortgage brokers, or nonbank mortgage lenders and their customers; transactions between certified public accountants or public accountants and their clients; transactions between attorneys, physicians, or dentists and their clients or patients; and transactions between veterinarians and their patients that pertain to medical treatment but not ancillary services.

(H)(1) "Loan officer" means an individual who for compensation or gain, or in anticipation of compensation or gain, takes or offers to take a residential mortgage loan application; assists or offers to assist a buyer in obtaining or applying to obtain a residential mortgage loan by, among other things, advising on loan terms, including rates, fees, and other costs; offers or negotiates terms of a residential mortgage loan; or issues or offers to issue a commitment for a residential mortgage loan. "Loan officer" also includes a loan originator as defined in division (E)(1) of section 1322.01 of the Revised Code.

(2) "Loan officer" does not include an employee of a bank, savings bank, savings and loan association, credit union, or credit union service organization organized under the laws of this state, another state, or the United States; an employee of a subsidiary of such a bank, savings bank, savings and loan association, or credit union; or an employee of an affiliate that (a) controls, is controlled by, or is under common control with, such a bank, savings bank, savings and loan association, or credit union and (b) is subject to examination, supervision, and regulation, including with respect to the affiliate's compliance with applicable consumer protection requirements, by the board of governors of the federal reserve system, the comptroller of

the currency, the office of thrift supervision, the federal deposit insurance corporation, or the national credit union administration.

**{20}** The statute does not define the term "subsidiary". *Random House Dictionary* (2012) defines "subsidiary" as "serving to assist or supplement; auxiliary; supplementary; subordinate or secondary". "Division" is defined as a "partition; one of the parts into which a thing is divided; a section".

**{21}** We find in the absence of any authority to the contrary, a division of a bank to be the equivalent of a subsidiary. We find based upon the evidence before us although PNC did not authenticate all of the documents presented, nevertheless, the record contains sufficient competent and credible evidence from which the court could find PNC, as a division of a bank, was exempt from claims made under the Ohio Consumer's Sales Practices Act.

**{22}** The first assignment of error is overruled.

II.

**{23}** In her second assignment of error, Virgili argues the trial court erred in finding as a matter of law PNC did not act as a seller or agent of the seller, Schlingman, when it voluntarily assumed duties associated with a seller.

**{24}** Appellant accurately states an agency relationship may arise by agreement, by implication, or by estoppel. *Levin v. Nielse*, 37 Ohio App. 2d 29, 306 N.E. 2d 173 (1973). Appellant asserts because PNC provided the various documents to Schlingman and/or to Virgili to facilitate the sale, PNC and Jurjevic acted as agents for Schlingman and assumed the duties of a seller.

**{25}** Both parties cite the Lead-Based Paint Hazards Reduction Act, which defines "agent" as any party who enters into a contract with a seller or lessor including any party who enters into a contract with a representative of seller or lessor for the purpose of selling or leasing target housing. The record does not contain any evidence of a contract between PNC and Schlingman. In her deposition Jurjevic testified that she always asked for all the disclosure statements but the parties did not always provide them. Occasionally if the parties did not have attorneys or real estate agents she would provide blank forms relating to the sale. Jurjevic did not review the documents, but submitted them to the company's processing site. The fact Jurjevic had the forms necessary to the sale available to Virgili and Schlingham and may have included them in the application packet does not imply she or her employer had assumed the role of seller.

**{26}** We find the trial court did not err by finding as a matter of law PNC was not an agent of Schlingman.

**{27}** The second assignment of error is overruled.

{28} For the foregoing reasons, the judgment of the Court of Common Pleas of Ashland County, Ohio, is affirmed.

By Gwin, J.,

Delaney, P.J., and

Hoffman, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. PATRICIA A. DELANEY

_____
HON. WILLIAM B. HOFFMAN

WSG:clw 0110

[Cite as *Residential Credit Solutions, Inc. v. Virgili*, 2012-Ohio-506.]

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

RESIDENTIAL CREDIT SOLUTIONS,
INC.         :
            :
    Plaintiff-Appellee  :
            :
            :
-vs-          :    JUDGMENT ENTRY
            :
LISA A. VIRGILI, ET AL   :
            :
            :
    Defendant-Appellant :    CASE NO. 2011-COA-024

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Ashland County, Ohio, is affirmed. Costs to appellant.

_____
HON. W. SCOTT GWIN

_____
HON. PATRICIA A. DELANEY

_____
HON. WILLIAM B. HOFFMAN