[Cite as *Beneficial Fin. I, Inc. v. Labraney*, 2014-Ohio-1801.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| BENEFICIAL FINANCIAL I, INC. | : | JUDGES: | |
| | : | Hon. William B. Hoffman, P.J. | |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. | |
| | : | Hon. Patricia A. Delaney, J. | |
| -vs- | : | | |
| | : | | |
| GREG LABRANEY, ET AL. | : | Case No. 13 CA 32 | |
| | : | | |
| Defendants-Appellants | : | O P I N I O N | |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas, Case No. 13 FR 03 0152


JUDGMENT:      Affirmed


DATE OF JUDGMENT:      April 28, 2014


APPEARANCES:

For Plaintiff-Appellee

MELISSA L. ZUJKOWSKI
WARREN T. MCCLURG, II
1660 West 2nd Street
Suite 1100
Cleveland, OH  44113

For Defendants-Appellants

BRIAN K. DUNCAN
BRYAN D. THOMAS
600 South High Street
Suite 100
Columbus, OH  43215

*Farmer, J.*

{¶1} On March 25, 2013, appellee, Beneficial Financial I, Inc., filed a complaint in foreclosure against appellants, Greg and Maureen LaBraney, for failure to pay on a note secured by a mortgage.

{¶2} On July 19, 2013, appellee filed a motion for summary judgment. By judgment entry filed October 31, 2013, the trial court granted the motion and entered a decree in foreclosure.

{¶3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶4} "THE TRIAL COURT ABUSED ITS DISCRETION BY GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BECAUSE THERE WERE GENUINE ISSUES OF FACT AND PLAINTIFF WAS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW."

I

{¶5} Appellant claims the trial court erred in granting summary judgment to appellee as genuine issues of material fact exist. We disagree.

{¶6} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 1996-Ohio-211:

Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any

material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274.

{¶7}   As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35 (1987).

{¶8}   Specifically, appellant argues issues exist as to whether appellee is the holder in due course, violations of the Real Estate Settlement Procedures Act, Ohio Consumer Sales Practices Act, and Fair Debt Collections Practices Act, disputes as to the amount due on the underlying loan and to the appraisal, and fraud.

{¶9}   Appellee supported its motion for summary judgment with the affidavit of Tanya Wood, vice-president and assistant secretary of appellee's Administrative Services Division.  She averred that she has personal knowledge of the business records appellee maintains in servicing mortgage loans, and appellee is and was in possession of the original note at the time of the filing of the complaint.  She further averred that a demand default letter was mailed to appellants on January 4, 2013

(attached to the affidavit as Exhibit A), and said default had not been cured. The last payment on the loan was made in May 2011 for $842.14, and the amount due and owing was $147,718.34 (Exhibit B).

{¶10} In *LaSalle Bank National Association v. Street,* 5th Dist. Licking App. No. 08CA60, 2009-Ohio-1855, ¶ 20-22, this court stated the following:

"To qualify for admission under Rule 803(6), a business record must manifest four essential elements: (i) the record must be one regularly recorded in a regularly conducted activity; (ii) it must have been entered by a person with knowledge of the act, event or condition; (iii) it must have been recorded at or near the time of the transaction; and (iv) a foundation must be laid by the 'custodian' of the record or by some 'other qualified witness.' " *State v. Davis* (2008), 116 Ohio St.3d 404, 429, 880 N.E.2d 31, quoting Weissenberger, Ohio Evidence Treatise (2007) 600, Section 803.73.

Ohio courts have defined "personal knowledge" as "knowledge gained through firsthand observation or experience, as distinguished from a belief based upon what someone else has said." *Zeedyk v. Agricultural Soc. of Defiance Cty.,* Defiance App. No. 4-04-08, 2004-Ohio-6187, ¶ 16, quoting *Bonacorsi v. Wheeling & Lake Erie Railway Co.* (2002), 95 Ohio St.3d 314, 320, 767 N.E.2d; Black's Law Dictionary (7th Ed. Rev.1999) 875. Affidavits, which merely set forth legal conclusions or opinions without stating supporting facts, are insufficient to meet the requirements

of Civ.R. 56(E).  *Tolson v. Triangle Real Estate,* Franklin App. No. 03AP-715, 2004-Ohio-2640, ¶ 12.  However, self-serving affidavits may be offered relative to a disputed fact, rather than a conclusion of law.  *CitiMortgage, Inc. v. Ferguson,* Fairfield App.No.2006CA00051, 2008-Ohio-556, ¶ 29.

Ohio law recognizes that personal knowledge may be inferred from the contents of an affidavit.  See *Bush v. Dictaphone Corp.,* Franklin App. No. 00AP1117, 2003-Ohio-883, ¶ 73, citing *Beneficial Mortgage Co. v. Grover* (June 2, 1983), Seneca App. No. 13-82-41.

{¶11}  In *Wachovia Bank of Delaware, N.A. v. Jackson,* 5th Dist. Stark No. 2010-CA00291, 2011-Ohio-3202, ¶ 27, this court further stated:

In *Residential Funding Company v. Thorne,* Lucas App. No. L-09-1324, 2010-Ohio-4271, the Sixth District Court of Appeals held: " 'Personal knowledge' has been defined as knowledge of factual truth which does not depend on outside information or hearsay."  *Thorne* at paragraph 64, citation deleted.  Further, "An affiant's mere assertion that he has personal knowledge of the facts asserted in an affidavit can satisfy the personal knowledge requirement of Civ.R. 56(E).  See *Bank One, N.A. v. Swartz,* 9th Dist. No. 03CA008308, 2004-Ohio-1986, paragraph 14.  A mere assertion of personal knowledge satisfies Civ.R. 56(E) if the nature of the facts in the affidavit combined with the identity of the affiant creates

a reasonable inference that the affiant has personal knowledge of the facts in the affidavit. *Id.*" *Thorne* at paragraph 70.

{¶12} A copy of the original note and mortgage identifies Beneficial Ohio, Inc. as the "lender," and Beneficial Ohio, Inc. was merged out of existence to appellee. See Loan Agreement, Mortgage, and Certificate of Secretary of State of Ohio, attached to the March 25, 2013 Complaint as Exhibits A, B, and C.

{¶13} In response to appellee's motion for summary judgment, appellants filed a combined motion, requesting additional time for discovery pursuant to Civ.R. 56(F) and a memorandum contra (July 31, 2013). The trial court denied the request for additional time on October 30, 2013. In their memorandum contra, appellants claimed the affidavit and documents presented by appellee failed to establish that appellee was entitled to judgment. No arguments relative to the facts were made other than what was alleged in their answer and their affirmative defenses, and they did not file any affidavits.

{¶14} Civ.R. 56(E) states in pertinent part:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.

{¶15} In their answer filed May 30, 2013, appellants denied each and every allegation in the complaint in the manner of a general denial, and a request for dismissal pursuant to Civ.R. 12(B)(6) was made. Appellants presented affirmative defenses including statute of limitations, waiver, release, laches, mistake, negligence, statute of frauds, lack of consideration, breach of contract, and avoidance. Appellants further claimed appellee was not a real party of interest, failed to join necessary parties, violated the Federal Truth in Lending statute, RESPA, FDCPA, and the Ohio Consumer Sales Practices Act, failed to mitigate damages, and failed to establish that it was the holder in due course.

{¶16} Appellee addressed each of these defenses, and rebutted their applicability to the case sub judice. These challenges remain unrebutted by appellants.

{¶17} We have examined the affidavit, exhibits, and attachments to the complaint, and find they satisfy the requirements of the Ohio Rules of Evidence. The facts averred remain unchallenged by appellants. Appellants cite to no facts or case law that would create any general issue of material fact. The statute of limitations defense and laches are not available as the complaint was filed two months after the default. This court has ruled the Ohio Consumer Sale Practice Act does not apply to banks, and no facts were alleged to support appellants' arguments relative to the other alleged statutory violations. *Residential Credit Solutions, Inc. v. Virgili,* 5th Dist. Ashland No. 2011-COA-024, 2012-Ohio-506.

{¶18} Upon review, we find the trial court did not err in granting summary judgment to appellee.

{¶19}  The sole assignment of error is denied.

{¶20}  The judgment of the Court of Common Pleas of Knox County, Ohio is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and

Delaney, J. concur.

SGF/sg 411