OPINION
{¶ 1} Plaintiff-appellant, Vince Tolson, appeals from the June 5, 2003 decision and entry of the Franklin County Court of Common Pleas granting defendant-appellee, Triangle Real Estate's motion for summary judgment and granting in part appellee's motion to strike appellant's affidavit. Although the trial court erred in some of its evidentiary rulings, those errors were harmless and we affirm the decision of the trial court.
 {¶ 2} In July 2001, appellant rented a storage garage from Saddlebrook Apartments which are owned and managed by appellee. Appellant went to the storage unit to retrieve tables and chairs for his daughter's birthday party. Upon arriving at the garage, appellant noticed that the garage was cleaned out and his belongings were gone. After inquiring with Sara Axline, assistant manager in the apartment complex, as to where his belongings were, Axline told appellant that, although he failed to make timely payments for the rent on the garage, it was a clerical error that his belongings were removed. In an attempt to recover appellant's property, Axline contacted Dingess and Parker Hauling. Appellant was only able to recover a set of speakers.
 {¶ 3} On June 25, 2002, appellant filed a complaint against appellee alleging that appellee and/or appellee's agents entered a garage leased by appellant and willfully took appellant's property without justification and with the intent to exercise control over the property and to retain possession of the property in violation of appellant's rights and without appellant's permission. Appellant maintained that appellee converted appellant's property for its own use. Appellant sought compensatory damages in the amount of $25,000, punitive damages in the amount of $25,000, and attorney fees and costs. On August 15, 2002, appellee filed an answer.
 {¶ 4} On March 28, 2003, appellee filed a motion for summary judgment. On April 3, 2003, appellant filed a memorandum contra to appellee's motion for summary judgment. Attached to the memorandum contra was appellant's sworn affidavit. On April 18, 2003, appellee filed a motion to strike appellant's affidavit. Appellee states that the following paragraphs of appellant's affidavit are legal conclusions and not facts known through personal knowledge of appellant:
3. In July 2001 the defendant and or agents of the defendant entered the garage leased by the plaintiff and willfully took the property of the plaintiff, wrongfully, without justification and with the intent to exercise control over the property and to retain possession of the property in violation of the rights of the plaintiff and without the permission of the plaintiff.
4. The defendant converted the property of the plaintiff to the defendant's own use.
* * *
7. The Defendant had neither authority nor permission to take the Plaintiff's property nor to exercise dominion or control over it.
 {¶ 5} On June 5, 2003, the trial court granted appellee's motion for summary judgment and granted in part appellee's motion to strike paragraphs three, four, and seven of appellant's affidavit. It is from this decision that appellant appeals, assigning the following as error:
1. The trial court erred by concluding that the Plaintiff's affidavit in support of his Memorandum Contra to the Defendant's Motion for Summary Judgment was defective.
2. The trial court erred in finding that it could determine the credibility of an affiant when deciding a summary judgment motion.
3. The trial court erred in granting the Defendant's Motion for Summary Judgment in that there were disputed facts and that the Defendant's motion did not meet the requirements for a summary judgment.
 {¶ 6} As to appellant's contention that summary judgment was improperly granted, Civ.R. 56(C) states that summary judgment shall be rendered forthwith if:
* * * [T]he pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *
 {¶ 7} Accordingly, summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. Tokles Son, Inc. v. Midwestern Indemn. Co. (1992),65 Ohio St.3d 621, 629, citing Harless v. Willis Day WarehousingCo. (1978), 54 Ohio St.2d 64, 65-66. "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record * * * which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim."Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. Once the moving party meets its initial burden, the nonmovant must then produce competent evidence, as set forth in Civ.R. 56(E), showing that there is a genuine issue for trial. Id. Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously with any doubts resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356,358-359.
 {¶ 8} Appellate review of summary judgments is de novo. Koosv. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588;Midwest Specialties, Inc. v. Firestone Tire Rubber Co.
(1988), 42 Ohio App.3d 6, 8. We stand in the shoes of the trial court and conduct an independent review of the record. As such, we must affirm the trial court's judgment if any of the grounds raised by the movant at the trial court are found to support it, even if the trial court failed to consider those grounds. (SeeDresher; Coventry Twp. v. Ecker [1995], 101 Ohio App.3d 38,41-42.)
 {¶ 9} In his first assignment of error, appellant contends that the trial court erred in determining that appellant's affidavit, in support of his memorandum contra to appellee's motion for summary judgment, was defective. Specifically, appellant maintains that the trial court erred in striking paragraphs three, four, and seven of appellant's affidavit.
 {¶ 10} Civ.R. 56(E) states in part that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." Civ.R. 56(E) requires that affidavits be made upon the personal knowledge of the affiant and set forth facts that would be admissible in evidence. Affidavits filed in support of or in opposition to summary judgment must be made on personal knowledge. State ex rel.Cassels v. Dayton City School Dist. Bd. of Edn. (1994),69 Ohio St.3d 217, 223. In Brannon v. Rinzler
(1991), 77 Ohio App.3d 749, 756, the court defined "personal knowledge" as "[k]nowledge of the truth in regard to a particular fact or allegation, which is original, and does not depend on information or hearsay." An affidavit without an averment of personal knowledge must demonstrate personal knowledge specifically. Equitable Life Assur. Soc. of U.S.v. Kuss Corp. (1984), 17 Ohio App.3d 136, 138.
 {¶ 11} First, appellant's affidavit does not specifically aver that his statements were based on personal knowledge. However, it has been held that personal knowledge may also be inferred from the contents of an affidavit. Bush v. DictaphoneCorp., Franklin App. No. 00AP-1117, 2003-Ohio-883, discretionary appeal not allowed, 99 Ohio St.3d 1453, 2003-Ohio-3396;Beneficial Mtge. Co. v. Grover (June 20, 1983), Seneca App. No. 13-82-41. We find that appellant's personal knowledge cannot be inferred from the contents of his affidavit. The statement in paragraph three, "[i]n July 2001 the defendant and/or agents of the defendant entered the garage leased by the plaintiff," in appellant's affidavit is hearsay because appellant was not present when the property was removed. Therefore, that portion of paragraph three of appellant's affidavit was not based on personal knowledge, and was properly stricken.
 {¶ 12} Secondly, appellant's affidavit does outline some facts, which may support appellant's allegations of conversion. Appellant avers that appellee willfully took appellant's property, wrongfully and without justification and retained possession of the property without appellant's permission. On the other hand, some of appellant's statements in his affidavit are nothing more than legal conclusions of law. Affidavits, which merely set forth legal conclusions or opinions without stating supporting facts, are insufficient to meet the requirements of Civ.R. 56(E). Ferreri v. Goodyear Local No. 2 (Feb. 9, 1994), Summit App. No. C.A. 16311; Stamper v. Middletown Hosp. Assn.
(1989), 65 Ohio App.3d 65, 69; State v. Licsak (1974),41 Ohio App.2d 165, 169; Naugle v. Campbell Soup Co. (June 20, 1986), Henry App. No. 7-84-24. As such, the trial court was incorrect in striking paragraph seven of appellant's affidavit as that paragraph set forth such facts as would be admissible in evidence. However, the trial court was correct in striking the remaining portion of paragraph three and paragraph four of appellant's affidavit, as those paragraphs merely set forth legal conclusions. Because of our resolution of appellant's second assignment of error, the trial court's error was harmless. Appellant's first assignment of error is overruled.
 {¶ 13} In his second assignment of error, appellant maintains that the trial court erred in finding that it would determine the credibility of an affiant when rendering a decision on a motion for summary judgment. In Turner v. Turner (1993),67 Ohio St.3d 337, 341, the Supreme Court of Ohio noted that concerns surrounding credibility issues typically arise in summary judgment proceedings when one litigant's statement conflicts with another litigant's statement over a fact to be proved. The court further determined that summary judgment is inappropriate where the resolution of the factual dispute will depend, at least in part, upon the credibility of the parties or their witnesses.
 {¶ 14} In this case, the trial court noted on page eight of its decision:
In Plaintiff's Memorandum Contra, Plaintiff argues that the Court cannot grant Defendant's Motion for Summary Judgment, because to do so, the Court would have to weigh the credibility of the testimony of Defendant's employees, Sara Axline and Megan Bell. However, the Court finds that Plaintiff has failed to give the Court any reason why the credibility of Ms. Axline or Ms. Bell would be called into question, and has also failed to provide the Court with any evidence to contradict their testimonies. * * *
 {¶ 15} We find appellant's argument unpersuasive. Appellant has not presented any instance where the credibility of Axline or Bell was called into question. Civ.R. 56(C) permits the trier of fact to pierce formal allegations of facts in pleadings and grant relief by summary judgment when it appears from uncontroverted facts as set forth in affidavits, depositions, or admissions that there are, as a matter of fact, no genuine issues for trial.Washington Cty. Farm Bureau Co-op. Assn. v. B. O. RR. Corp.
(1972), 31 Ohio App.2d 84, 90. As such, appellant's second assignment of error lacks merit and is overruled.
 {¶ 16} In his third and final assignment of error, appellant maintains that the trial court erred in granting appellee's motion for summary judgment because appellee's motion did not meet the summary judgment standard. As discussed above, summary judgment is appropriate where: (1) no genuine issue of material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. Tokles, at 629.
 {¶ 17} In this case, appellant maintains that appellee and/or appellee's agents entered the garage appellant was renting from appellee and willfully, wrongfully, without justification or permission, and with the intent to exercise control over appellant's property, retained appellant's property, took appellant's personal property from the garage, and wrongfully converted appellant's property for appellee's own use. Under Ohio law, "[a] conversion is recognized as any exercise of dominion or control wrongfully exerted over the personal property of another in denial of or under a claim inconsistent with his rights."Ohio Tel. Equip. Sales, Inc. v. Hadler Realty Co. (1985),24 Ohio App.3d 91, 93. In addition, "[a] demand and refusal in a conversion action are usually required to prove the conversion of property otherwise lawfully held." Id. at 94. In order to prove conversion of property that came into the rightful control of the possessor, the owner must demonstrate that: (1) he demanded the return of the property from the possessor after the possessor exerted dominion or control over the property; and (2) the possessor refused to deliver the property to its rightful owner. Id. at 93-94.
 {¶ 18} In this case, even considering the parts of appellant's affidavit that we have determined were properly excluded and assuming that appellee did wrongfully exert control over appellant's property when appellee had Dingess Parker Hauling clear out the garage in denial of or under a claim inconsistent with appellant's rights, appellant has failed to establish the second element stated above. Once this error was discovered, appellee attempted to retrieve appellant's property by contacting the hauling company. However, the only items retrieved were a set of speakers. As such, appellant's personal property was no longer in the possession of appellee, therefore, appellee was unable to comply with appellant's request that his property be returned to him. The Eighth District in Wolf v.Lakewood Hosp. (1991), 73 Ohio App.3d 709, 716, held that:
Not every failure to deliver upon demand, however, will constitute a conversion. The defendant does not become a converter when the goods are no longer in his possession or control, so that the defendant is unable to comply with thedemand, even though they may have been lost or destroyedthrough the defendant's own fault. The remedy in such a case isan action for negligence.
(Citations omitted; emphasis added.) Prosser Keeton, Law of Torts (5 Ed. 1984) 99, Section 15.
 {¶ 19} Appellant only alleged the claim for conversion in his complaint. In this case, appellant's complaint was insufficient in alleging a claim for other causes of action including negligence. Therefore, the trial court was correct in granting appellee's motion for summary judgment. As such, appellant's third assignment of error is overruled.
 {¶ 20} For the foregoing reasons, appellant's assignments of error are overruled. The decision of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Bowman and Sadler, JJ., concur.