[Cite as *Fannie Mae v. Trahey*, 2013-Ohio-3071.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

FANNIE MAE ("FEDERAL NATIONAL MORTGAGE ASSOCIATION")

    Appellee

    v.

KELLY ANN TRAHEY, et al.

    Appellants

C.A. No.      12CA010209

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.     11CV172390

DECISION AND JOURNAL ENTRY

Dated: July 15, 2013

WHITMORE, Judge.

{¶1}    Appellant, Robert Trahey, appeals from the judgment of the Lorain County Court of Common Pleas. This Court reverses.

I

{¶2}    In May 2008, Robert and Kelly Ann Trahey executed a promissory note in favor of Sirva Mortgage, Inc. ("Sirva") to purchase a property in North Ridgeville, Ohio. At the same time, the Traheys signed a mortgage granting a security interest in the property to Mortgage Electronic Registration Systems, Inc. ("MERS") acting solely as nominee for Sirva. In May 2011, MERS assigned the mortgage to Federal National Mortgage Association ("Fannie Mae").

{¶3}    In June 2011, Fannie Mae filed a complaint for foreclosure against the Traheys. Fannie Mae listed the Traheys, their unknown spouses, and Waterbury Homeowners Association as defendants. Attached to its complaint, Fannie Mae included copies of the promissory note and mortgage executed in favor of Sirva and a copy of the assignment of mortgage from MERS to

Fannie Mae. Sirva had indorsed the promissory note in blank. There is no indication of when this indorsement was made.

{¶4} In September 2011, Fannie Mae filed an amended complaint "to attach the fully negotiated note with all [i]ndorsements." The promissory note attached showed Sirva had indorsed the note to CitiMortgage, Inc. and that CitiMortgage, Inc. had indorsed the note in blank. Unlike the note attached to the original complaint, this copy of the note did not include an indorsement from Sirva in blank. There are no dates associated with either of the indorsements.

{¶5} Fannie Mae filed a motion for summary judgment, which Robert Trahey opposed, arguing that there is a genuine issue of material fact as to whether Fannie Mae had standing to maintain the action. A magistrate issued a decision recommending the court grant default judgment against Kelly Ann Trahey, the unknown spouses of both Kelly Ann and Robert Trahey, and the Waterbury Homeowners Association for failure to file an answer or other responsive pleading. The magistrate further recommended that the court grant the motion for summary judgment. That same day, the trial court adopted the magistrate's decision. Robert Trahey now appeals and raises two assignments of error for our review.

II

Assignment of Error Number One

THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT GRANTED THE MOTION FOR SUMMARY JUDGMENT WITHOUT SUMMARY JUDGMENT EVIDENCE DEMONSTRATING THAT FANNIE MAE WAS THE REAL PARTY IN INTEREST ENTITLED TO ENFORCE THE NOTE AND THE MORTGAGE.

{¶6} In his first assignment of error, Trahey argues that the court erred in granting summary judgment in favor of Fannie Mae because it did not establish that it had standing to maintain the foreclosure action.

**{¶7}** To prevail on a motion for summary judgment, the moving party must show:

> (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion when viewing evidence in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party.

*Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

**{¶8}** An action may only be brought by the real party in interest. *See* Civ.R. 17(A). "[A] party lacks standing to invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the subject matter of the action." (Emphasis deleted.) *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, ¶ 22, quoting *State ex rel. Dallman v. Franklin Cty. Court of Common Pleas*, 35 Ohio St.2d 176, 179 (1973). Standing is determined at the time the complaint is filed. *Schwartzwald* at ¶ 3.

**{¶9}** "In foreclosure actions, the real party in interest is the current holder of the note and mortgage." *U.S. Bank, N.A. v. Richards*, 189 Ohio App.3d 276, 2010-Ohio-3981, ¶ 13 (9th Dist.), quoting *Everhome Mtge. Co. v. Rowland*, 10th Dist. Franklin No. 07AP-615, 2008-Ohio-1282, ¶ 12. Thus, if a bank seeks to foreclose it must establish that, at the time of the filing of the complaint, it was the holder of the note and mortgage. Obtaining a subsequent assignment of a promissory note and mortgage from the real party in interest does not cure a lack of standing. *Schwartzwald* at ¶ 3.

**{¶10}** One of the persons entitled to enforce a negotiable instrument is the holder of that instrument. R.C. 1303.31(A)(1). If the instrument has been indorsed in blank, "the instrument becomes payable to bearer and may be negotiated by transfer of possession alone" until specially indorsed. R.C. 1303.25(B). An instrument that is specially indorsed is one that identifies a specific payee, and "may be negotiated only by the indorsement of that person." R.C. 1303.25(A).

{¶11} Here, Fannie Mae filed two copies of the promissory note, each containing different indorsements. The first note, attached to the original complaint, was indorsed by Sirva to blank. Therefore, Fannie Mae could have established that it was the real party in interest by proving that it had possession of the note. *See* R.C. 1303.25(B). However, a second copy of the promissory note, attached to the amended complaint, reflects that Sirva indorsed the note to CitiMortgage, and CitiMortgage indorsed the note to blank. Neither copy indicates when the various indorsements were made.

{¶12} The inconsistencies between the indorsements contained in the two copies of the promissory notes raises a genuine issue of material fact. In reviewing the record, we cannot determine what the status of the note was at the time the complaint was filed. Because there is a genuine issue of material fact as to whether Fannie Mae was a holder of the promissory note at the time the complaint was filed, the court erred in granting Fannie Mae's motion for summary judgment. Accordingly, Trahey's first assignment of error is sustained.

Assignment of Error Number Two

> THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT GRANTED THE SUMMARY JUDGMENT WITHOUT SUMMARY JUDGMENT EVIDENCE OF COMPLIANCE WITH CONDITIONS PRECEDENT.

{¶13} In his second assignment of error, Trahey argues that the trial court erred in granting Fannie Mae's motion for summary judgment because it had failed to establish that it had fulfilled its obligations of notice and acceleration. In light of our resolution of Trahey's first assignment of error, this argument is not ripe for review and we decline to address it.

III

**{¶14}** Trahey's first assignment of error is sustained. His second assignment of error is not yet ripe for review. The judgment of the Lorain County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment reversed,
and remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

BETH WHITMORE
FOR THE COURT

BELFANCE, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

JOHN J. GILL and GEOFFREY R. SMITH, Attorneys at Law, for Appellant.

EDWARD KOCHALSKI, Attorney at Law, for Appellee.