[Cite as *Freedom Mtge. Corp. v. Vitale*, 2014-Ohio-1549.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| FREEDOM MORTGAGE | : | Hon. W. Scott Gwin, P.J. |
| CORPORATION | : | Hon. Sheila G. Farmer, J. |
|  | : | Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee | : |  |
|  | : |  |
| -vs- | : | Case No. 2013 AP 08 0037 |
|  | : |  |
| JANE R. VITALE AND | : |  |
| GERALD VITALE | : | O P I N I O N |

Defendants-Appellants

CHARACTER OF PROCEEDING: Civil appeal from the Tuscarawas County Court of Common Pleas, Case No. 2012 CF 05 0473

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: April 10, 2014

APPEARANCES:

For Plaintiff-Appellee

WILLIAM PURTELL
Lerner, Sampson & Rothfuss
120 East Fourth Street, Suite 800
Cincinnati, OH 45202

For Defendants-Appellants

KATHRYN EYSTER
DANIEL MCGOOKEY
LAUREN MCGOOKEY
225 Meigs Street
Sandusky, OH 44870

*Gwin, P.J.*

{¶1} Appellants appeal the August 9, 2013 judgment entry of the Tuscarawas County Court of Common Pleas granting appellee's motion for summary judgment and entering an in rem judgment and decree of foreclosure.

*Facts & Procedural History*

{¶2} On November 23, 2009, appellant Jane Vitale executed a promissory note in favor of Freedom Home Mortgage Corporation in the amount of $279,125. The note was indorsed in blank by Freedom Home Mortgage Corporation. Also on that date, appellants Gerald and Jane Vitale executed a mortgage that secured the note and encumbered the property located at 5221 Evans Creek Road Southwest, Sugarcreek, Ohio, 44681. The mortgage indicated the lender was Freedom Home Mortgage Corporation and listed Mortgage Electronic Registration Systems ("MERS") as mortgagee and as nominee for Lender and Lender's successors and assigns. The mortgage was recorded on December 9, 2009. In a document entitled "Assignment of Mortgage" that was recorded August 12, 2010, MERS, as nominee for Freedom Home Mortgage Corporation, assigned the November 23, 2009 mortgage to appellee Freedom Mortgage Corporation.

{¶3} Appellee filed a complaint for foreclosure on May 22, 2012, stating appellants failed to make a payment since February 1, 2010. Appellee attached to the complaint a copy of the note, mortgage, and assignment of mortgage. The complaint alleged appellee was in possession of the note and mortgage. Appellants filed an answer on July 15, 2012 and subsequently filed a Chapter 7 bankruptcy on August 25,

2012. They listed Freedom Mortgage as a creditor for the 5221 Evans Creek Road property. The bankruptcy court granted appellants a discharge in March of 2011.

{¶4} On March 11, 2013, Appellee filed a motion for summary judgment on its foreclosure complaint. Appellee submitted the affidavit of Janet Garrett ("Garrett") in support of its motion for summary judgment. Garrett is the Vice-President of LoanCare. LoanCare is the mortgage loan sub-servicer and attorney in fact for appellee. Garrett's affidavit states she has access to the business records, including loan account records, and has personal knowledge of the operation of and the circumstances surrounding the maintenance and retrieval of records in LoanCare's record-keeping system. Further, that the records were kept in the course of ordinary business. The affidavit states Garrett has personal knowledge and made a personal review of the business records. Garrett's affidavit provides that the file includes the original note dated November 23, 2009 executed by Jane Vitale and the file also includes the original mortgage. Garrett states that appellee Freedom Mortgage Corporation is the current holder of the note and mortgage and had physical possession of the original note and mortgage the day the complaint was filed. According to Garrett's affidavit, after the complaint was filed, the original documents were sent to Lerner, Sampson, and Rothfuss, counsel for appellee, in October of 2012 and to LoanCare, sub-servicer and attorney in fact for appellee, in February of 2013.

{¶5} Appellants filed a response to appellee's motion for summary judgment and several depositions were conducted during discovery. Gerald Vitale testified he sent one payment to LoanCare, but that he has not made all the payments on the note and mortgage. He recalls receiving a certified letter concerning a face-to-face meeting

and contacted LoanCare to schedule the face-to-face meeting, but there were scheduling issues. Gerald testified a LoanCare representative did appear at the property, asked if Jane Vitale was home, and delivered a loss mitigation package which Gerald signed for. Jane Vitale testified she signed a note and mortgage, but never paid on the note or mortgage because her husband pays all the bills. She testified if LoanCare attempted to contact her, she would not talk to them and would instead refer them to her husband.

{¶6} Allison Bielby ("Bielby"), a title resolution specialist at LoanCare, testified Everbank owns the loan at issue. Everhome Mortgage is the document custodian for appellee. Bielby testified when the note at issue was filed in a previous foreclosure case in 2010, it did not contain a blank indorsement and she was unsure as to when the indorsement was placed on the note. Bielby stated LoanCare had record of Gerald Vitale contacting them for a face-to-face meeting, but when the vendor went to the mortgaged property on April 24, 2012, only a third-party was available and Jane Vitale was not available for the meeting. Bielby testified that when not in appellee's physical possession, the original loan documents are held by a custodian for appellee, including Everhome Mortgage Records Management, the document custodian for appellee and appellee's legal firm Lerner, Sampson and Rothfuss. Bielby stated appellee holds the original note and mortgage, which are stored for appellee at Everhome.

{¶7} The trial court granted appellee's motion for summary judgment on April 30, 2013. The trial court denied appellants' motion for reconsideration and, on August 9, 2013, the trial court entered an in rem judgment and decree in foreclosure.

Appellants are immune from personal liability on the note due to their bankruptcy discharge.

{¶8} Appellants appeal the August 9, 2013 judgment entry of the Tuscarawas County Court of Common Pleas and assign the following as error:

{¶9} "I. THE TRIAL COURT ERRED IN GRANTING FREEDOM'S MOTION FOR SUMMARY JUDGMENT."

I.

*Summary Judgment*

{¶10} Civ. R. 56 states in pertinent part:

"Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed mostly strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

{¶11} A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts. *Hounshell v. Am. States Ins. Co.*, 67 Ohio St.2d 427, 424 N.E.2d 311 (1981). The court may not resolve any ambiguities in the evidence presented. *Inland Refuse Transfer Co. v. Browning-Ferris Inds. of Ohio, Inc.*, 15 Ohio St.3d 321, 474 N.E.2d 271 (1984). A fact is material if it affects the outcome of the case under the applicable substantive law. *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 733 N.E.2d 1186 (6th Dist. 1999).

{¶12} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987). This means we review the matter de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 2000-Ohio-186, 738 N.E.2d 1243.

{¶13} The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the non-moving party's claim. *Drescher v. Burt*, 75 Ohio St.3d 280, 662 N.E.2d 264 (1996). Once the moving party meets its initial burden, the burden shifts to the non-moving party to set forth specific facts demonstrating a genuine issue of material fact does exist. *Id.* The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary materials showing a genuine

dispute over material facts. *Henkle v. Henkle*, 75 Ohio App.3d 732, 600 N.E.2d 791 (12th Dist. 1991).

*Real Party in Interest*

{¶14} Appellants argue summary judgment is not appropriate in this case because appellee was not the holder of the note and mortgage when the foreclosure case was filed. We disagree.

{¶15} To have standing to pursue a foreclosure action, a plaintiff "must establish an interest in the note or mortgage at the time it filed suit." *Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d, 2012-Ohio-5017, 979 N.E.2d 1214. The current holder of the note and mortgage is the real party in interest in a foreclosure action. *U.S. Bank Nat'l. Assn v. Marcino*, 181 Ohio App.3d 328, 2009-Ohio-1178, 908 N.E.2d 1032 (7th Dist.), citing *Chase Manhattan Corp. v. Smith*, 1st Dist. Hamilton No. C061069, 2007-Ohio-5874. R.C. 1303.31 provides:

> (A) Person entitled to enforce an instrument means any of the following persons:
>
> (1) The holder of the instrument;
>
> (2) A nonholder in possession of the instrument who has the rights of a holder;
>
> (3) A person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 1303.38 or division (D) of section 1303.58 of the Revised Code.

(B) A person may be a "person entitled to enforce" the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

{¶16} In this case, appellee pled in its complaint that it was in possession of the note and mortgage and also attached to the complaint a copy of the mortgage and the note, which was indorsed in blank. When an instrument is indorsed in blank, the instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed. R.C. 1303.25(B). Appellee included the affidavit of Garrett in support of its motion for summary judgment providing that Freedom Mortgage Corporation is the current holder of the note and mortgage and Freedom had physical possession of the original note and mortgage the day the complaint was filed. Copies of the note and mortgage were attached to the affidavit. Bielby testified that when not in appellee's physical possession, the original loan documents are held by a custodian for the benefit of appellee. These custodians include Everhome Mortgage Records Management, a document custodian for appellee, and Lerner, Sampson & Rothfuss, counsel for appellee. A custodian acting on behalf of appellee does not destroy appellee's status as holder of the note. "Constructive possession exists when an agent of the owner holds the note on behalf of the owner * * * consequently, a person is a holder of a negotiable instrument, and entitled to enforce the instrument, when the instrument is in the physical possession of his or her agent." *U.S. Bank, N.A. v. Gray*, 10th Dist. Franklin No. 12AP-953, 2013-Ohio-3340. Garrett's affidavit and Bielby's testimony establish the original note and mortgage were never out of appellee's constructive or legal possession as LoanCare is the servicer for appellee, Everhome is

the document custodian for appellee, and Lerner, Sampson, and Rothfuss is counsel for appellee.

{¶17} Appellants contend a genuine issue of material fact exists because the note attached to the complaint and motion for summary judgment filed in this case differ from the note presented in a previous foreclosure case against appellants, in that the note in this case contains a blank indorsement that was not on the previous version of the note. Appellants cite *Fannie Mae v. Trahey*, 9th Dist. Lorain No. 12CA010209, 2013-Ohio-3071, for the proposition that an inconsistency between indorsements of a note creates a genuine issue of material fact because it is unclear the status of the note when the complaint was filed. However, we find *Trahey* distinguishable from the case at hand. In *Trahey*, the plaintiff filed one version of the note with the original complaint and another version of the note without an indorsement in an amended complaint in the same foreclosure case. *Id.*

{¶18} In this case, the note appellants cite to as not containing the blank indorsement was submitted in a previous foreclosure case filed approximately two years prior to the instant action. *Schwartzwald* requires a plaintiff establish an interest in the note or mortgage at the time it filed suit. Here, as testified to by Bielby, the documents were either in the physical possession of appellee or they were being held by a custodian for the benefit of appellee. Garrett's affidavit provides that Freedom Mortgage Corporation had physical possession of the original note and mortgage the day the complaint was filed and the original note and mortgage were subsequently sent to counsel for Freedom and the servicer for Freedom, each custodians holding the note and mortgage for the benefit of Freedom. Freedom thus had the authority to place the

blank indorsement on the note while it was in possession of the original note and properly assigned the note prior to the initiation of the instant foreclosure action.

{¶19} We further find that even if the note was not properly indorsed in blank, pursuant to *Bank of New York v. Dobbs*, 5th Dist. Knox No. 2009-CA-000002, 2009-Ohio-4742, the assignment of the mortgage, without the express transfer of the note, is sufficient to transfer both the note and mortgage because the record indicates that the parties intended to transfer both the note and mortgage.

{¶20} This case is analogous to *Dobbs* as the record indicates the parties intended to transfer both the note and the mortgage. The note dated November 23, 2009 provides that, "borrower's promise to pay is secured by a mortgage that is dated the same date as this Note and called the 'Security Instrument.' This Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note." The November 23, 2009 mortgage in which MERS is the mortgagee and nominee for lender states that, "this debt is evidenced by Borrower's note dated the same date as this security instrument * * * this security instrument secures to Lender (1) the repayment of the debt evidenced by the Note * * *." The note refers to the mortgage and the mortgage refers to the note. Thus, we find a clear intent by the parties to keep the note and mortgage together rather than transferring the note alone. The assignment of the mortgage was sufficient to transfer both the mortgage and the note. Since the mortgage assignment was recorded on August 12, 2010, prior to the complaint being filed in this case, the note was effectively transferred on that date.

{¶21} Accordingly, there are no genuine issues of material fact as to whether appellee is the real party in interest with standing to pursue this foreclosure action.

*Affidavit in Support of Motion for Summary Judgment*

**{¶22}** Appellants argue appellee is not entitled to summary judgment because appellee's affidavit was insufficient to support a granting of summary judgment. Appellants contend the copies of the note and mortgage were not authenticated by a custodian of the records or by a witness with personal knowledge of the records. We disagree.

**{¶23}** In *Wachovia Bank Delaware, N.A. v. Jackson,* we detailed the requirements necessary for an affidavit in support of a motion for summary judgment in a foreclosure case. 5th Dist. Stark No. 2010-CA-00291, 2011-Ohio-3202. The affidavit must show:

> (1) the affiant is competent to testify;
>
> (2) the affiant has personal knowledge of the facts, as shown by a statement of the operant facts sufficient for the court to infer the affiant has personal knowledge;
>
> (3) the affiant must state he or she was able to compare the copy with the original and verify the copy is accurate, or explain why this cannot be done;
>
> (4) the affidavit must be notarized; and
>
> (5) any documents the affidavit refers to must be attached to the affidavit or served with the affidavit.

**{¶24}** *Id.* Personal knowledge is required to qualify the records of an affidavit under the business records hearsay exception of Evid. R. 803(6). To qualify for admission under Rule 803(6), a business record must manifest four essential elements:

(i) the record must be one regularly recorded in a regularly

conducted activity;

(ii) it must have been entered by a person with knowledge of

the act, event, or condition;

(iii) it must have been recorded at or near the time of the

transaction and

(iv) a foundation must be laid by the 'custodian' of the record

or by some 'other qualified witness.'

*Citimortgage, Inc. v. Cathcart*, 5th Dist. Stark No. 2013CA00179, 2014-Ohio-620.

**{¶25}** The phrase "other qualified witness" should be broadly interpreted and it is not a requirement that the witness had firsthand knowledge of the transaction giving rise to the business record. *Id.* "Rather, it must be demonstrated that: the witness is sufficiently familiar with the operation of the business and with the circumstances of the record's preparation, maintenance and retrieval, that he can reasonably testify on the basis of this knowledge that the record is what it purports to be, and that it was made in the ordinary course of business consistent with the elements of Rule 803(6)." *Id.*

**{¶26}** Affidavits which merely set forth legal conclusions or opinions without stating supporting facts are insufficient to meet the requirements of Civil Rule 56(E). *Tolson v. Triangle Real Estate,* 10th Dist. Franklin No. 03AP-715, 2004-Ohio-2640. However, Ohio law recognizes that personal knowledge may be inferred from the contents of an affidavit. *Wells Fargo Bank, N.A. v. Dawson*, 5th Dist. Stark No. 2013CA00095. The assertion of personal knowledge in an affidavit satisfies Civil Rule 56(E) if the nature of the facts in the affidavit combined with the identity of the affiant

creates a reasonable inference that the affiant has personal knowledge of the facts in the affidavit. *Id.*

{¶27} In this case, Garrett avers that the statements made in the affidavit are based on personal knowledge and her personal review of the business records for the loan which is the subject of the action. The affidavit provides that Garrett has access to the loan documents and account records of LoanCare and her affidavit is based on personal knowledge obtained from review of the records and from her personal knowledge of the operation of the maintenance and retrieval of the records in LoanCare's record-keeping system. The affidavit states the loan account records are compiled and recorded by LoanCare in the course of its regularly conducted business activities and the loan account records are compiled and recorded at or near the time of the occurrence of each act or event affecting the account by persons with knowledge of said act or event, or from information transmitted by a person with knowledge of acts or events described with the loan account records. Garrett avers the records are kept, maintained, and relied upon in the course of ordinary and regularly conducted business activity.

{¶28} From her position and her statement that she reviewed the documents in the instant case, it may be reasonably inferred that Garrett has personal knowledge to qualify the documents as an exception to the hearsay rule as a business document. We find Garrett's affidavit meets the requirements set forth in *Wachovia Bank v. Jackson*. The affidavit is properly admissible Civil Rule 56 evidence and appellants fail to submit any Civil Rule 56 evidence to contradict the affidavit. The trial court did not err in granting summary judgment based on Garrett's affidavit.

*Assignment of Mortgage*

**{¶29}** Appellants contend the assignment of mortgage does not support appellee's claim that it was the holder of the loan obligation because MERS did not have an interest in the note or mortgage and thus could not convey any interest in the note or mortgage.  Appellants cite cases from New York and Oklahoma in support of their position.  We disagree with appellants.

**{¶30}** "Ohio courts have consistently held that MERS has authority to assign a mortgage when it is designated as both a nominee and a mortgagee." *Daniely v. Accredited Home Lenders*, 8th Dist. Cuyahoga No. 99208, 2013-Ohio-4373; see also *BAC Home Loans Servicing, L.P. v. Haas*, 3d Dist. Marion No. 9-13-40, 2014-Ohio-438. In *Wells Fargo Bank, N.A. v. Elliott*, 5th Dist. Delaware No. 13 CAE 03 0012, 2013-Ohio-3690, we found MERS could assign a mortgage when they acted as the mortgagee and nominee for Lender and Lender's successors and assigns.

**{¶31}** In this case, the mortgage states that "this security instrument is given to [MERS] (solely as nominee for Lender, as hereinafter defined, and Lender's successors and assigns) as mortgagee.  The Lender is listed in the mortgage as Freedom Home Mortgage Corporation.  The assignment filed by appellee and attached to its complaint and motion for summary judgment was recorded on August 12, 2010 and states that MERS, as nominee for Freedom Home Mortgage Corporation, its successors and assigns, assigns the mortgage to Freedom Mortgage Corporation.  Accordingly, MERS had the authority to assign the mortgage to appellee and MERS properly executed the assignment as nominee for Freedom Home Mortgage Corporation prior to the filing of the complaint in this case.

*Face-to-Face Meeting*

**{¶32}** Appellants argue appellee is not entitled to summary judgment because it did not comply with the terms of the note, mortgage, and FHA guidelines. Appellants specifically contend appellee failed to comply with the face-to-face meeting provision in 24 C.F.R. 203.604. We disagree.

**{¶33}** 24 C.F.R. 203.604 governs the instant action. The regulation requires a face-to-face interview between a mortgagor and mortgagee before three full monthly installments on the mortgage are unpaid or reasonable efforts to arrange such a meeting. 24 C.F.R. 203.604(b). The fulfillment of 24 C.F.R. 203.604 is a condition precedent to a foreclosure when this section applies to the mortgage at issue. *Wells Fargo Bank, N.A. v. Gerst,* 5th Dist. Delaware No. 13 CAE 05 0042, 2014-Ohio-80. 24 C.F.R. 203.604(c) provides, in pertinent part, that a face-to-face meeting is not required if: (3) the mortgagor has clearly indicated that he will not cooperate in the interview and (5) a reasonable effort to arrange a meeting is unsuccessful. The regulation further states as follows:

> (d) A reasonable effort to arrange a face-to-face meeting with the mortgagor shall consist at a minimum of one letter sent to the mortgagor certified by the Postal Service as having been dispatched. Such a reasonable effort to arrange a face-to-face meeting shall also include at least one trip to see the mortgagor at the mortgaged property, unless the mortgaged property is more than 200 miles from the mortgagee, its servicer, or a branch office of either, or it

is known that the mortgagor is not residing in the mortgaged property.

24 C.F.R. 203.604(d).

{¶34} Gerald Vitale recalled receiving a letter about a face-to-face meeting and testified he contacted appellee to schedule a face-to-face meeting, but there were scheduling issues. Gerald confirmed a representative came to the mortgaged property on April 24 and inquired if Jane was home. When Gerald informed the representative Jane was not home, the representative delivered a loss mitigation package which Gerald signed for. Jane testified she would not respond or talk to anyone from LoanCare or appellee and would refer them to her husband. Bielby confirmed appellee sent a certified letter on February 27, 2012 to Jane and that LoanCare's third-party representative went to the property on April 24, spoke to a third party, and delivered a loss mitigation package. While appellants argue appellee failed to make a reasonable effort to arrange a face-to-face meeting, we find, in examining the plain language of 24 C.F.R. 203.604(d), appellee met the requirements contained in this section. The record reflects that on February 27, 2012, LoanCare sent a letter, via certified mail, to Jane Vitale. The certified mail receipt demonstrates Gerald signed for the letter on March 6, 2012. The letter stated, "Due to the delinquency of your mortgage, please call our Collection Department at (800) 909-9525 to arrange a face-to-face meeting to discuss your account." The record further reflects that a representative for LoanCare made a trip to see the mortgagor at the mortgaged property on April 24, 2012. Accordingly, appellee fulfilled the conditions precedent to foreclosure as required by 24 C.F.R. 203.604.

{¶35} Based on the foregoing, we find the trial court did not err in granting summary judgment to appellee. Appellants' assignment of error is overruled and the August 9, 2013 in rem judgment and decree in foreclosure of the Tuscarawas County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Farmer, J., and

Delaney, J., concur