[Cite as *Bank of New York Mellon v. Argo*, 2015-Ohio-268.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| BANK OF NEW YORK MELLON, | : | JUDGES: |
| FKA THE BANK OF NEW YORK | : | Hon William B. Hoffman, J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : | Case No. 14CA59 |
|  | : |  |
| BARRY ARGO, ET AL | : |  |
|  | : | O P I N I O N |
| Defendants-Appellants | : |  |

CHARACTER OF PROCEEDING:      Civil appeal from the Richland County Court
of Common Pleas, Case No. 2012CV0121

JUDGMENT:                                    Affirmed

DATE OF JUDGMENT ENTRY:      January 21, 2015

APPEARANCES:

For Plaintiff-Appellee                          For Defendants-Appellants

MATTHEW RICHARDSON                    DANIEL MCGOOKEY
MATTHEW P. CURRY                          KATHRYN EYSTER
MELISSA N. HAMBLE                          225 Meigs Street
MANLEY DEAS KOCHALSKI                 Sandusky, OH 44970
Box 165028
Columbus, OH 43216-5028

*Gwin, J.,*

{¶1} Appellants appeal the June 23, 2014 judgment entry of the Richland County Court of Common Pleas granting summary judgment in favor of appellee and entering a decree of foreclosure.

*Facts & Procedural History*

{¶2} On February 1, 2012, appellee Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders CWALT, Inc., Alternative Loan Trust 2005-85CB, Mortgage-Pass Through Certificates, Series 2005-85CB, filed a complaint against appellants Barry Argo and Lynn Argo. The complaint alleged that appellee is a person entitled to enforce the note pursuant to R.C. 1303.31. A copy of the note, mortgage, and assignment of mortgage were attached to the complaint. The note attached to the complaint dated November 7, 2005, designates the Lender as Residential Finance Corporation ("Residential Finance"). The mortgage dated November 7, 2005, secures the property located at 56 Grand Blvd., Shelby, Ohio. The Lender is listed on the mortgage as Residential Finance with Mortgage Electronic Registration Systems ("MERS") listed as the mortgagee and nominee for Lender and Lender's successor and assigns. The mortgage assignment recorded on October 26, 2011, assigns the mortgage dated November 7, 2005 to appellee. The original lender is listed on the assignment as Residential Finance and the assignment is signed by MERS.

{¶3} Appellants filed pro se answers to the complaint on February 7, 2012 and then participated in court-sponsored mediation. Appellants subsequently retained counsel, filed an amended answer to the complaint with leave of the trial court, and the

parties conducted discovery and further mediation. On December 23, 2013, the trial court reinstated the case to the active docket after the parties failed to settle the matter at mediation.

{¶4} On May 9, 2014, appellee filed a motion for summary judgment. Attached to the motion for summary judgment was the affidavit of Rebecka Mayoh ("Mayoh"), a Document Control Officer for Select Portfolio Servicing, Inc. ("Select Portfolio"), the servicer for appellee. Mayoh attached copies of the note, mortgage, and assignment of mortgage to her affidavit. The copy of the note that Mayoh attached differed from the note attached to the complaint, as it contained an extra page entitled "allonge," from Residential Finance to Countrywide Bank, N.A. The allonge was endorsed from Countywide Bank, N.A. to Countrywide Home Loans, Inc., and then endorsed by Countrywide Home Loans, Inc. in blank. Appellants filed a memorandum in opposition to appellee's motion for summary judgment on June 4, 2014. Attached to the memorandum in opposition was the affidavit of Barry Argo, stating that he wanted to save his home and was trying to qualify for a loan modification. Appellee filed a reply brief on June 10, 2014. On June 23, 2014, the trial court granted appellee's motion for summary judgment.

{¶5} Appellants appeal the June 23, 2014 judgment entry of the Richland County Court of Common Pleas and assign the following as error:

{¶6} "I. THE TRIAL COURT ERRED IN GRANTING [APPELLEE'S] MOTION FOR SUMMARY JUDGMENT."

*Summary Judgment Standard*

{¶7} Civil Rule 56(C) in reviewing a motion for summary judgment which provides, in pertinent part:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed mostly strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

{¶8} A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts. *Hounshell v. Am. States Ins. Co.*, 67 Ohio St.2d 427, 424 N.E.2d 311 (1981). The court may not resolve any ambiguities in the evidence presented. *Inland Refuse Transfer Co. v. Browning-Ferris Inds. of Ohio, Inc.*, 15 Ohio St.3d 321, 474

N.E.2d 271 (1984). A fact is material if it affects the outcome of the case under the applicable substantive law. *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 733 N.E.2d 1186 (6th Dist. 1999).

{¶9} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987). This means we review the matter de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 2000-Ohio-186, 738 N.E.2d 1243.

{¶10} The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the non-moving party's claim. *Drescher v. Burt*, 75 Ohio St.3d 280, 662 N.E.2d 264 (1996). Once the moving party meets its initial burden, the burden shifts to the non-moving party to set forth specific facts demonstrating a genuine issue of material fact does exist. *Id.* The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary materials showing a genuine dispute over material facts. *Henkle v. Henkle*, 75 Ohio App.3d 732, 600 N.E.2d 791 (12th Dist. 1991).

*Real Party in Interest*

{¶11} Appellants argue summary judgment is not appropriate in this case because appellee was not the holder of the note and mortgage when the foreclosure was filed. We disagree.

{¶12}  To have standing to pursue a foreclosure action, a plaintiff "must establish an interest in the note or mortgage at the time it filed suit." *Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d, 2012-Ohio-5017, 979 N.E.2d 1214.  The current holder of the note and mortgage is the real party in interest in a foreclosure action.  *U.S. Bank Nat'l. Assn v. Marcino*, 181 Ohio App.3d 328, 2009-Ohio-1178, 908 N.E.2d 1032 (7th Dist.), citing *Chase Manhattan Corp. v. Smith*, 1st Dist. Hamilton No. C061069, 2007-Ohio-5874.  R.C. 1303.31 provides:

(A) Person entitled to enforce an instrument means any of the following persons:

(1) The holder of the instrument;

(2) A nonholder in possession of the instrument who has the rights of a holder;

(3) A person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 1303.38 or division (D) of section 1303.58 of the Revised Code.

(B) A person may be a "person entitled to enforce" the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

{¶13}  In this case, appellee pled in its complaint that it was a person entitled to enforce the note pursuant to R.C. 1303.31 and also attached to the complaint a copy of the note, mortgage, and assignment of mortgage.  Appellee included the affidavit of Mayoh in support of its motion for summary judgment providing that the loan records reflect that appellee is the owner and holder of a bond/note and mortgage executed by

appellant Barry Argo in the sum of $207,000.00 dated November 7, 2005. Copies of the note with allonge, mortgage, and mortgage assignment were attached to the affidavit.

{¶14} Appellants argue that the assignment of the mortgage is not sufficient for appellee to be the holder of the note and mortgage without an assignment of the note. Further, that the assignment of the mortgage is not sufficient for appellee to enforce the note and mortgage as the holder of the note and mortgage because MERS never had any interest in the note and appellee failed to submit any evidence that MERS is a nominee of Residential Finance.

{¶15} Pursuant to the decisions of this Court, the assignment of the mortgage, without the express transfer of the note, is sufficient to transfer both the note and mortgage if the record indicates that the parties intended to transfer both the note and mortgage. *Bank of New York v. Dobbs*, 5th Dist. Knox No. 2009-CA-000002, 2009-Ohio-4742; *Freedom Mtge. Corp v. Vitale*, 5th Dist. Tuscarawas No. 2013 AP 08 0037, 2014-Ohio-1549.

{¶16} This case is analogous to *Dobbs* and *Vitale* as the record indicates the parties intended to transfer both the note and the mortgage. The note dated November 7, 2005 provides that, "in addition to the protections given to the Note Holder under this Note, a Mortgage * * * (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note." Further, that the Security Instrument "describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note * * *."

{¶17} The November 7, 2005 mortgage was notarized on November 7, 2005 and recorded at the Richland County Recorder on November 15, 2005. This mortgage, in which MERS is the mortgagee and nominee for lender Residential Finance, defines "Note" as "the promissory note signed by Borrower and dated November 7, 2005. The Note states that Borrower owes Lender two hundred seven thousand and 00/100 Dollars * * *." Further, that the mortgage secures to Lender "(i) the repayment of the Loan, and all renewals, extensions and modifications of the Note, and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and Note." Finally, the mortgage provides that the Borrower and Lender covenant and agree that "Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note." The note refers to the mortgage and the mortgage refers to the note. Thus, we find a clear intent by the parties to keep the note and mortgage together rather than transferring the mortgage alone. The assignment of the mortgage was sufficient to transfer both the mortgage and the note.

{¶18} In addition, the mortgage assignment refers to the note as it provides that the assignor transfers to appellee "all beneficial interest under that certain Mortgage described below together with the note and obligations therein described * * *." The mortgage assignment was notarized on October 18, 2011 and recorded in the Richland County Recorder's office on October 26, 2011. Since the mortgage assignment was recorded on October 26, 2011, prior to the complaint being filed in this case, the note was effectively transferred on that date. Accordingly, there are no genuine issues of

material fact as to whether appellee is the real party in interest with standing to pursue this foreclosure action.

{¶19} Appellants argue the assignment of mortgage is not sufficient to transfer the note because MERS, who assigned the mortgage, had no interest in the note. This Court has repeatedly upheld the right and authority of MERS, when designated as a nominee and mortgagee, to transfer interests in notes and mortgages. *Freedom Mtge. Corp. v. Vitale*, 5th Dist. Tuscarawas No. 2013 AP 08 0037, 2014-Ohio-1549; *Wells Fargo Bank v. Elliott*, 5th Dist. Delaware No. 13 CAE 03 0012, 2013-Ohio-3690. In this case, the mortgage provides that "Borrower does hereby mortgage, grant, and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS * * * the following described property * * *." The Lender is listed in the mortgage as Residential Finance. The assignment filed by appellee and attached to its complaint and motion for summary judgment was recorded on October 26, 2011 and states that MERS, as the holder of the mortgage and nominee for Residential Finance, assigns and transfers the mortgage to appellee. Accordingly, MERS had the authority to assign the mortgage to appellee and MERS properly executed the assignment as nominee for Residential Finance prior to the filing of the complaint in this case. Further, the mortgage signed by appellants provides that they "understand and agree that MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender * * *."

{¶20} Appellants also argue that appellee did not provide evidence that MERS was a nominee of the originating lender and thus the assignment of mortgage is not valid. As noted above, appellants specifically signed the mortgage stating they understood MERS, as nominee for Lender, had the right to exercise any or all interests of the Lender. Further, as noted by this Court in *U.S. Bank, N.A. v. Lawson*, 5th Dist. Delaware No. 13CAE030021, 2014-Ohio-463, because a debtor is not a party to the assignment of a mortgage, the debtor lacks standing to challenge its validity when there is no dispute between the original mortgagee and the entity subsequently named as an assignee of the mortgage as to the assignment's validity and there was no dispute that the borrower had defaulted on his loan and was subject to foreclosure. There is no dispute between MERS and appellee as to whether the mortgage was properly assigned. There is also no dispute appellants defaulted on their mortgage loan. Accordingly, the assignment of mortgage is not invalid.

*Note*

{¶21} Appellants argue the trial court erred in finding appellee was the holder of the note because Mayoh never said the note was a true and accurate copy of the original and two different copies of the note were allegedly submitted by appellee, as the note attached to the complaint did not have attached the allonge to the note that was attached to the note submitted with the copy of the note attached as an exhibit to Mayoh's affidavit. The mortgage and its assignment bear notarial seals and were filed of record in the Richland County Recorder's Office years prior to the initiation of this suit. The note makes reference to the mortgage and the mortgage makes reference to the note. Furthermore, the mortgage assignment states it transfers to appellee "all

beneficial interest under the certain Mortgage * * * together with the note(s) and obligations therein described * * *." As detailed above, this cross-referencing between the instruments is sufficient to raise a rebuttable presumption of intent to convey both the mortgage and the note to appellee and appellants failed to submit Civil Rule 56 evidence to rebut this presumption. Accordingly, any arguments regarding the copy of the note and/or the allonge submitted with the affidavit for summary judgment are moot as appellee is the holder of the note and mortgage and thus appellee is entitled to enforce the note and mortgage.

*Affidavit – Personal Knowledge*

{¶22} Appellants contend the affidavit of Mayoh was insufficient because it is not based upon personal knowledge as she did not state she had access to the collateral file and, further, that, the affidavit does not include records of the account at issue.

{¶23} Evidence Rule 803(6) provides that records of regularly conducted business activity are admissible, as an exception to the rules of hearsay, if shown to be such "by the testimony of the custodian or other qualified witness." The question of what may lay a foundation for the admissibility of business records as a custodian or other qualified witness must be answered broadly. *Citimortgage v. Cathcart*, 5th Dist. Stark No. 2013CA00179, 2014-Ohio-620. It is not a requirement that the witness have firsthand knowledge of the transaction giving rise to the business record. *Id.* "Rather, it must be demonstrated that: the witness is sufficiently familiar with operation of the business and with the circumstances of the record's preparation, maintenance and retrieval, that he can reasonably testify on the basis of this knowledge that the record is

what it purports to be, and that it was made in the ordinary course of business consistent with the elements of Rule 803(6)." *Id.*

**{¶24}** Civil Rule 56(E) provides that an affidavit must "be made on personal knowledge [and] set forth such facts as would be admissible in evidence." Civil Rule 56(E). A mere assertion of personal knowledge satisfies Civil Rule 56(E) if the nature of the facts in the affidavit combined with the identity of the affiant creates a reasonable inference that the affiant has personal knowledge of the facts in the affidavit. *JPMorgan Chase v. Snedeker*, 5th Dist. Licking No. 13-CA-98, 2014-Ohio-1593.

**{¶25}** In her affidavit, Mayoh avers that she is a Document Control Officer at Select Portfolio Servicing, Inc., the servicer for appellee, and Select Portfolio maintains a computer database of acts, transactions, payments, communications, escrow account activity, disbursements, events, and analyses with respect to the mortgage loans which Select Portfolio services. Further, that she has access to the loan records maintained with respect to the subject loan and, based upon those records, she is personally familiar with the subject loan and is authorized to make this certification. Mayoh states that in her capacity as Document Control Officer, she has access to the loan records relating to the mortgage loans that are maintained in the ordinary course of the regularly conducted activity of mortgage loan servicing, including the Borrowers' mortgage loan. Further, that the statements she makes in the affidavit are based upon her review of the loan records relating to appellants' mortgage loan and from her own personal knowledge of how the loan records are kept and maintained. Mayoh avers that the loan transaction for appellants' mortgage was recorded at or near the time of the event and by or from information transmitted from a person with knowledge and she has

personally reviewed and independently verified the accuracy of the factual information included in the affidavit.

**{¶26}** Mayoh states the records reflect that appellee is the owner and holder of a bond/note and mortgage executed by Barry Argo in the sum of $207,000.00 dated November 7, 2005, and that Barry Argo defaulted on the terms and conditions of the note/bond and mortgage by failing to make the payment due December 1, 2011, and all payments due thereafter. Additionally, that appellee is entitled to collect the amount due on the note and enforce the mortgage, including the unpaid principal balance due and owing, including accrued interest and advances for taxes, and insurance. Mayoh verifies that attached as Exhibits A and B are copies of the note and mortgage and attached as Exhibit C is a copy of the demand letter sent to appellants prior to the foreclosure. Mayoh states that, as of the date of execution, the amount due on the Note includes (a) unpaid principal in the amount of $207,000.00; (b) interest on the unpaid principal at the rate of 6.375% from November 1, 2011; (c) advances made for taxes and insurance; and (d) advances made to protect the property. The amount of principal and interest set forth in Mayoh's affidavit are the same figures of principal and interest contained in the trial court's judgment entry granting summary judgment.

**{¶27}** From her position and her statement that she reviewed the loan records in the instant case, it may be reasonably inferred that Mayoh has personal knowledge to qualify the documents as an exception to the hearsay rule as a business document. See *Freedom Mtge. Corp. v. Vitale*, 5th Dist. Tuscarawas No. 2013 AP 08 0037, 2014-Ohio-1549. The affidavit is properly admissible Civil Rule 56 evidence and appellants fail to submit any Civil Rule 56 evidence to contradict the affidavit. Further, the affidavit

stated the loan was in default and the affidavit specifically stated the amount of principal and interest due and owing based on Mayoh's review of appellants' loan records and payment history included in the business records. Appellants did not submit any evidence in their response to appellee's motion for summary judgment regarding the payment history, the account status, or the balance of the account. Appellants thus failed to submit any Civil Rule 56 evidence that would controvert Mayoh's averments regarding the status, payment history, or balance of the account. See *Citimortgage, Inc. v. Roznowski*, 5th Dist. Stark No. 2012-CA-93, 2014-Ohio-4792. Accordingly, the trial court did not err in granting summary judgment based on Mayoh's affidavit.

*Equity*

**{¶28}** Appellants argue that foreclosure is inequitable because appellants attempted to work with the lender to procure a loan modification. In support, appellants cite *PHH Mtge. Corp. v. Barker*, 190 Ohio App.3d 71, 2010-Ohio-5061, 940 N.E.2d 662 (3rd Dist), wherein the Third District Court of Appeals affirmed the trial court's decision to reinstate the mortgage rather than proceed with foreclosure, on the ground that foreclosure was inequitable under the facts of the case. *Id.* In *Barker*, the court found that the "extremely unique factual circumstances" where the borrower attempted to pay the mortgage, attempted to enter into a modification, where the borrower made payments sufficient to cure the default on the mortgage after the alleged default when they received a mortgage coupon book, and where the lender accepted payments after the alleged default, the equities weighed in favor of the mortgage being reinstated.

**{¶29}** We find the facts of this case to be distinguishable from the *Barker* case. In this case, there is no evidence that appellants attempted to pay the mortgage, that

appellants made payments sufficient to cure the default on the mortgage, or that appellee accepted payments after the alleged default.  According to Mayoh's affidavit, the loan has been in default since December of 2011 and appellants failed to set forth any Civil Rule 56 evidence to contradict this assertion.  Further, this case twice went to mediation since its filing, once in February of 2012 with the final mediation scheduled for December of 2012, and again in September of 2013 when the case was placed on the inactive docket for loss mitigation review until reactivated in December of 2013.  Thus, we cannot say that the foreclosure was inequitable in this case.

{¶30} Based upon the foregoing, we overrule appellants' assignment of error. The June 23, 2014 judgment entry of the Richland County Court of Common Pleas granting summary judgment in favor of appellee and entering a decree of foreclosure is affirmed.

*Hoffman, P.J., concurring*

{¶31} I concur in the majority's analysis and disposition of all issues addressed in the majority opinion with a singular exception. I do not believe a debtor lacks standing to challenge the validity of an assignment of a mortgage for the reasons set forth in my dissenting opinion in *U.S. Bank, N.A. v. Lawson*, 5th Dist. Delaware No. 13CAE030021, 2014-Ohio-463. I, nevertheless, concur based upon the other reason advanced by the majority for finding the assignment of the mortgage valid; i.e., Appellants specifically signed the mortgage stating they understood MERS, as nominee for Lender, had the right to exercise any or all interests of the Lender.