[Cite as *Citimortgage, Inc. v. Cathcart*, 2014-Ohio-620.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CITIMORTGAGE, INC. | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| DIANA C. CATHCART, ET AL. | : | Case No. 2013CA00179 |
| | : | |
| Defendants - Appellants | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Stark County Court
                                  of Common Pleas, Case No.
                                  2012 CV 836


JUDGMENT:                         Affirmed


DATE OF JUDGMENT:                 February 18, 2014


APPEARANCES:

For Plaintiff-Appellee                    For Defendants-Appellants

BARBARA A. BORGMANN                       MARK E. OWENS
Laurito & Laurito, LLC                    JOHN F. MCINTYRE
7550 Paragon Road                         J.P. Amourgis & Associates
Dayton, OH 45459                          3200 W. Market Street, Suite 106
                                          Akron, OH 44333

*Baldwin, J.*

{¶1}    Appellant Diana Cathcart appeals a judgment and decree in foreclosure entered by the Stark County Common Pleas Court on August 9, 2013.  Appellee is Citimortgage, Inc.

## STATEMENT OF FACTS AND CASE

{¶2}    Appellee filed the instant foreclosure action on March 14, 2012, against appellant and James Doe, name unknown, spouse of appellant.  The complaint alleged that appellant had signed a promissory note and mortgage, that she was in default, that appellee had accelerated the note and that appellee had satisfied all conditions precedent.   Appellant filed an answer, including an affirmative defense that appellee failed to give the requisite notice pursuant to the terms of the note and mortgage.

{¶3}    Appellee filed a motion for summary judgment.  With the motion, appellee filed the affidavit of Zachariah Wright, Vice President of Document Control for appellee. In this affidavit, Wright attested that he has personal knowledge of the business records he reviewed. He averred that appellee is in possession of the note, the loan is in default, the amount due has been accelerated, the amount due is $63,497.00, and a demand letter dated September 1, 2011, was sent to appellant.

{¶4}    Appellant responded that appellee failed to present evidence of compliance with conditions precedent set forth in 24 CFR § 201.50, which requires a face-to-face meeting or telephone meeting before taking action to accelerate the loan and also requires that written notice of default and acceleration be sent by certified mail. Appellant also argued that appellee did not present evidence of compliance with 24 CFR § 203.604, requiring a face to face interview with the mortgagor before three full

monthly installments are unpaid. Appellant filed her own affidavit, averring that she did not receive notice of default and acceleration in compliance with the terms of the mortgage.

{¶5}   The trial court granted the motion for summary judgment and issued a decree of foreclosure. Appellant assigns two errors on appeal:

{¶6}   "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO THE PLAINTIFF/APPELLEE WHEN THERE WAS A GENUINE ISSUE OF MATERIAL FACT AS TO WHETHER THE PLAINTIFF/APPELLEE PROVIDED PROPER REQUIRED NOTICE OF DEFAULT PRIOR TO ACCELERATION AS REQUIRED UNDER THE MORTGAGE AND APPLICABLE LAW.

{¶7}   "II. THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT TO THE PLAINTIFF/APPELLEE WHERE THERE WERE GENUINE ISSUES OF MATERIAL FACT IN DISPUTE AND THE PLAINTIFF/APPELLEE WAS NOT ENTITLED TO SUMMARY JUDGMENT AS A MATTER OF LAW."

I.

{¶8}   In her first assignment of error, appellant argues that summary judgment was improper because she raised a genuine issue of material fact as to whether she received notice of acceleration, notice of default, and notice providing her with an opportunity to cure the arrearage. She also argues that appellee failed to present evidence of compliance with all conditions precedent to foreclosure pursuant to federal regulations, specifically that notice be sent by certified mail and that a face to face meeting interview occur prior to foreclosure.

{¶9}    Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35, 36 (1987).

{¶10}   Civ. R. 56(C) governs summary judgment and provides in pertinent part: "Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."

{¶11}   Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates that the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating that there is a genuine issue of

material fact for trial. *Vahila v. Hall,* 77 Ohio St.3d 421, 429, 674 N.E.2d 1164, 1997–Ohio–259, citing *Dresher v. Burt,* 75 Ohio St.3d 280, 662 N.E.2d 264, 1996–Ohio–107.

{¶12} Appellant first argues there is a disputed fact as to whether she received notice of default. The notice requirement found in the note and mortgage states:

{¶13} "Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designated by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph."

{¶14} Because there is no requirement that Borrower actually receive notice, appellant has not created a dispute of material fact by her affidavit stating she did not receive the notice. Notice is deemed to have been given upon mailing.

{¶15} Appellant next argues that appellant failed to comply with conditions precedent to foreclosure pursuant to applicable federal regulations, specifically 24 CFR § 201.50 which requires a face-to-face meeting or telephone meeting before taking action to accelerate the loan and also requires that written notice of default and acceleration be sent by certified mail, and 24 CFR § 203.604, which requires a face to face interview with the mortgagor before three full monthly installments are unpaid.

{¶16} Where the mortgage at issue is federally insured and therefore subject to HUD regulations in the case of default or acceleration, the requirements found in these

regulations are conditions precedent to foreclosure. *Wells Fargo Bank v. Gerst,* 5th Dist. Delaware No. 13 CAE 05 0042, 2014-Ohio-80, ¶23. In the instant case, the mortgage loan is an FHA loan and thus the federal regulations apply.

{¶17} However, appellee argues that appellant waived the right to argue that the conditions precedent were not met by failing to specifically deny performance of these conditions in her answer. Civ. R. 9(C) provides:

{¶18} "In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity."

{¶19} Appellee's complaint, Count 2, paragraph five states that appellee had complied with all conditions precedent. Therefore, appellee generally averred that all conditions precedent had been met and appellant was required pursuant to Civ. R. 9(C) to deny performance specifically and with particularity. In response, appellant generally denied that conditions precedent had been met, and raised as an affirmative defense that appellee failed to give the proper and requisite notices to appellant pursuant to the terms of the note and mortgage.

{¶20} In *U.S. Bank National Assoc. v. Stanze*, 2nd Dist. Montgomery No. 25554, 2013-Ohio-2474, the bank had generally averred that it had satisfied all conditions prior to filing the complaint, including but not limited to mailing the notice of acceleration. The borrowers generally denied the allegations, and raised as an affirmative defense that the bank failed to provide notice of acceleration under the note and mortgage. The trial court granted summary judgment. On appeal the borrowers argued that the bank

failed to comply with the federal requirement of a face-to-face meeting pursuant to federal regulations. The Court of Appeals for the Second District found that the borrowers waived their right to argue failure of a condition precedent by failing to specifically argue in their answer or by way of affirmative defense that the bank failed to comply with the face-to-face meeting requirement. *Id.* at ¶14, 17-18. See also *U.S. Bank National Assoc. v. Martz*, 11th Dist. Portage No. 2013-P-0028, 2013-Ohio-4555, ¶21 (denial that bank satisfied the various notice provisions in the federal regulations and mortgage was made generally, not specifically and with particularity as required by Civ. R. 9(C)).

{¶21} Appellant failed to deny the satisfaction of conditions precedent specifically and with particularity. Appellant failed to allege that the bank failed to satisfy the notice provisions in federal regulations, and failed to specify that appellee failed to mail notice by certified mail and failed to comply with the face-to-face meeting requirement. Appellant only generally alleged that the bank failed to comply with the notice requirements in the note and mortgage. Appellant therefore could not raise the issue of failure of conditions precedent for the first time on summary judgment. The trial court therefore did not err in granting summary judgment.

{¶22} The first assignment of error is overruled.

## II.

{¶23} In her second assignment of error, appellant first argues that the affidavit of Francesca Wurm failed to satisfy Civ. R. 56(E)'s requirement that affidavits be made on personal knowledge with respect to the attached documents' admissibility as records of regularly conducted activity pursuant to Evid. R. 803(6).

{¶24} Personal knowledge is required to qualify the records of an affidavit under the business records hearsay exception. Evid.R. 803(6) governs the admissibility of business records as an exception to the hearsay rule:

{¶25} **"(6) Records of regularly conducted activity.** A memorandum, report, record, or data compilation, in any form, of acts, events, or conditions, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness or as provided by Rule 901(B)(10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term 'business' as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit."

{¶26} As this Court stated in *Deutsche Bank Natl. Trust Co. v. Hansen,* 5th Dist. Fairfield No. 2010 CA 00001,2011–Ohio–1223, ¶ 21–23:

{¶27} "The rationale behind Evid.R. 803(6) is that if information is sufficiently trustworthy that a business is willing to rely on it in making business decisions, the courts should be willing to as well. See Staff Note to Evid.R. 803(6). "To qualify for admission under Rule 803(6), a business record must manifest four essential elements: (i) the record must be one regularly recorded in a regularly conducted activity; (ii) it must have been entered by a person with knowledge of the act, event or condition; (iii) it must have been recorded at or near the time of the transaction; and (iv) a foundation must be laid by the 'custodian' of the record or by some 'other qualified witness.' *State v. Davis,*

116 Ohio St.3d 404, 880 N.E.2d 31, 2008–Ohio–2, ¶ 171, quoting Weissenberger, Ohio Evidence Treatise (2007) 600, Section 803.73. See also *McCormick v. Mirrored Image, Inc.* (1982), 7 Ohio App.3d 232, 233, 454 N.E.2d 1363.

{¶28} "The phrase 'other qualified witness' should be broadly interpreted. See *State v. Patton* (Mar. 5, 1992), Allen App. No. 1–91–12, unreported, citing 1 Weissenberger's Ohio Evidence (1985) 75, Section 803.79. Further, it is not necessary that the witness have firsthand knowledge of the transaction giving rise to the record. *State v. Vrona* (1988), 47 Ohio App.3d 145, 547 N.E.2d 1189, paragraph two of the syllabus. 'Rather, it must be demonstrated that: the witness is sufficiently familiar with the operation of the business and with the circumstances of the record's preparation, maintenance and retrieval, that he can reasonably testify on the basis of this knowledge that the record is what it purports to be, and that it was made in the ordinary course of business consistent with the elements of Rule 803(6).' *Patton,* supra, quoting Weissenberger at 76."

{¶29} In support of its motion for summary judgment, appellee filed the affidavit of Zachariah Wright, Vice President of Document Control, not an affidavit of Francesca Wurm. In the affidavit, Wright avers that the statements made in the affidavit are based on his personal knowledge and his personal review of the business records for the loan which is the subject of the action. He stated that in his capacity as Vice President of Document Control, he has access to the loan documents and account records of appellee, and the affidavit was based on his personal knowledge obtained from review of the records and from his personal knowledge of the operation of the maintenance and retrieval of records in appellee's record keeping systems. He stated that loan

account records are compiled and recorded by appellee in the course of its regularly conducted business activities, and it is the regular practice of appellee to make such records. He further stated that loan account records are made at or near the time of the occurrence of each act or event affecting the account by persons with knowledge of said act or event, or from information transmitted by a person with knowledge of acts or events described within the loan account records. He also averred that the records are kept, maintained and relied upon in the ordinary course of business activity. From his position as Vice President of Document Control and his statement that he has reviewed the documents in the instant case, it may be reasonably inferred that he has personal knowledge to qualify the documents as an exception to the hearsay rule as a business document.

{¶30} Finally, appellant again argues that her affidavit averring that she did not receive notice of default creates a disputed fact. As we discussed in Assignment of Error One, actual receipt is not required to accomplish notice pursuant to the terms of the note and mortgage. Further, appellant waived the right to argue that appellee failed to comply with all conditions precedent, namely mailing notice by certified mail and conducting a face-to-face meeting, by failing to plead these matters with specificity and particularity in her answer.

{¶31}   The second assignment of error is overruled.  The judgment of the Stark County Common Pleas Court is affirmed.  Costs are assessed to appellant.

By: Baldwin, J.

Wise, P.J. and

Delaney, J. concur.