[Cite as *OneWest Bank, FSB v. Albert*, 2014-Ohio-2158.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ONEWEST BANK, FSB | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2013CA00180 |
| | : | |
| DIANA L. ALBERT | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Stark County Court of Common Pleas, General Division Case No. 2011CV03450

JUDGMENT:                    AFFIRMED

DATE OF JUDGMENT ENTRY:     May 12, 2014

APPEARANCES:

For Plaintiff-Appellee:                       For Defendant-Appellant:

MONICA LEVINE LACKS              MARK E. OWENS
DUSTIN D. GODENSWAGER          J.P. AMOURGIS & ASSOCIATES
MCGLINCHEY STAFFORD LLC       3200 W. Market St., Suite 106
25550 Chagrin Blvd., Suite 406      Akron, OH 44333
Cleveland, OH 44122

*Delaney, J.*

{¶1} Defendant-Appellant Diana L. Albert appeals the August 6, 2013 judgment entry of the Stark County Court of Common Pleas, General Division. Plaintiff-Appellee is OneWest Bank, FSB.

**FACTS AND PROCEDURAL HISTORY**

{¶2} On June 26, 2006, Defendant-Appellant Diana L. Albert executed a Note in the amount of $84,000.00. The Note was secured by a Mortgage on real property located at 2512 - 12th Street N.W., Canton, Ohio 44708. The lender was Quicken Loans, Inc.

{¶3} Quicken Loans, Inc. endorsed the Note to IndyMac Bank, F.S.B. IndyMac Bank F.S.B. endorsed the Note in blank. IndyMac is a division of OneWest Bank. On October 14, 2011, Mortgage Electronic Registrations Systems, Inc., as nominee for Quicken Loans, Inc. assigned the Mortgage to Plaintiff-Appellee OneWest Bank, FSB. OneWest Bank is in possession of the Note and Mortgage.

{¶4} On October 27, 2011, OneWest Bank filed a complaint in foreclosure against Albert. The complaint alleged Albert was in default of the terms of the Note and Mortgage. OneWest Bank attempted to serve the complaint on Albert at the 12th Street property address listed in the Note and Mortgage. OneWest Bank failed to obtain service on Albert at the 12th Street address. On December 28, 2011, OneWest Bank completed service on Albert at an address located at 51st Street, Canton, Ohio.

{¶5} Albert filed a motion for leave to plead on January 19, 2012 and her answer was filed on February 10, 2012. Relevant to this appeal, Albert raised as an affirmative defense in her answer that OneWest Bank "failed to give the proper and

requisite notices to Defendant pursuant to RESPA and the terms of the Note and Mortgage."

{¶6}   On June 15, 2012, the case was placed on an automatic bankruptcy stay. The case was returned to the active docket on November 15, 2012.

{¶7}   OneWest Bank filed a motion for summary judgment on November 13, 2012. In support of its motion for summary judgment, OneWest Bank submitted the affidavit of Lisa Marie Gonzalez, assistant secretary for OneWest Bank. She averred that she had personal knowledge of the file and loan history of Albert's Note and Mortgage held and serviced by OneWest Bank. Gonzalez stated that on August 31, 2011, One West Bank provided Albert with written notice of default and informed her of OneWest Bank's intent to accelerate the debt. A copy of the August 31, 2011 default notice was attached to Gonzalez's affidavit as Exhibit D. The default notice letter states that IndyMac Mortgage Services, a Division of OneWest Bank, sent the written default notice by first-class certified mail to Albert at the 51st Street address.

{¶8}   Albert responded to the motion for summary judgment. She argued there was a genuine issue of material fact whether OneWest Bank was entitled to judgment in foreclosure because OneWest Bank failed to meet all the conditions precedent under the Note and Mortgage. Albert submitted her affidavit stating she never received written notice of default and the intent to accelerate the debt.

{¶9}   On July 23, 2013, the trial court granted OneWest Bank's motion for summary judgment. On August 6, 2013, the judgment entry granting the motion for summary judgment and decree in foreclosure were filed. It is from this judgment Albert now appeals.

**ASSIGNMENTS OF ERROR**

{¶10} Albert raises two Assignments of Error:

{¶11} "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO THE PLAINTIFF/APPELLEE ONEWEST BANK, FSB, AS PLAINTIFF'S AFFIDAVIT WAS DEFECTIVE AND INADMISSIBLE UNDER CIV.R. 56(E).

{¶12} "II. THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT TO THE PLAINTIFF/APPELLEE ONEWEST BANK, AS THERE WERE GENUINE ISSUES OF MATERIAL FACT REMAINING AND THE PLAINTIFF WAS NOT ENTITLED TO SUMMARY JUDGMENT AS A MATTER OF LAW."

**ANALYSIS**

**I. and II.**

<u>Standard of Review</u>

{¶13} We consider Albert's two Assignments of Error together because they raise interrelated issues. Albert's two Assignments of Error regard the trial court's grant of summary judgment in favor of OneWest Bank. We refer to Civ.R. 56(C) in reviewing a motion for summary judgment which provides, in pertinent part:

Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only from the evidence or

stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

{¶14} The moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court, which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. *Dresher v. Burt,* 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). The nonmoving party then has a reciprocal burden of specificity and cannot rest on the allegations or denials in the pleadings, but must set forth "specific facts" by the means listed in Civ.R. 56(C) showing that a "triable issue of fact" exists. *Mitseff v. Wheeler,* 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801 (1988).

{¶15} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. *Vahila v. Hall,* 77 Ohio St.3d 421, 429, 674 N.E.2d 1164 (1997), citing *Dresher v. Burt,* 75 Ohio St.3d 280, 662 N.E.2d 264 (1996).

<u>Notice of Default and Acceleration</u>

{¶16} In Albert's first Assignment of Error, she argues OneWest Bank failed to establish, as a matter of law, that it complied with the applicable notice requirements necessary to accelerate the payments due under the Note and Mortgage. We disagree.

{¶17} Albert first argues that OneWest Bank failed to comply with the notice provisions contained in 24 CFR 201.50(a) and 24 CFR 203.604(b), which require the lender to contact the borrower in a face-to-face meeting in a specified time frame to

discuss the default and to seek its cure. Where the mortgage at issue is federally insured and therefore subject to HUD regulations regarding default or accelerations, the requirements found in those regulations are conditions precedent to foreclosure. *Wells Fargo Bank v. Gerst*, 5th Dist. Delaware No. 13 CAE 05 0042, 2014-Ohio-80, ¶ 23; *BAC Home Loans Servicing, LP v. Taylor*, 9th Dist. Summit No. 26423, 2013-Ohio-355, ¶ 14.

{¶18} In the present case, there is no Civ.R. 56 evidence to demonstrate that Albert's Mortgage is federally insured. Albert's Mortgage is a conventional loan and is not subject to federal housing regulations regarding notice, default, and acceleration. Albert may not rely upon such regulations as a defense to the foreclosure action where the regulations have no application to her Mortgage with OneWest Bank. *U.S. Bank Natl. Assn. v. Martz*, 11th Dist. Portage No. 2013-P-0028, 2013-Ohio-4555, ¶16 citing *Fifth Third Mtge. Co. v. Orebaugh,* 12th Dist. Butler No. CA2012–08–153, 2013–Ohio–1730, ¶ 33 and *Chase Home Fin. LLC v. Middleton,* 5th Dist. Fairfield No. 12 CA 10, 2012–Ohio–5547, ¶ 32.

{¶19} Albert next argues there is a genuine issue of material fact as to whether OneWest Bank satisfied the condition precedents found in the Note and Mortgage regarding notice of default and acceleration.

{¶20} Paragraph 15 of the Mortgage reads:

**Notices**. All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. * * * The

notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. * * *

{¶21} The notice provision of Paragraph 22 of the Mortgage provides:

**Acceleration; Remedies**. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure.

{¶22} Albert stated in her affidavit submitted with her response to the motion for summary judgment that she did not receive written notice of default and acceleration from OneWest Bank. The affidavit of Lisa Marie Gonzalez, assistant secretary of OneWest Bank, averred that on August 31, 2011, OneWest Bank mailed written notice of default and acceleration to Albert pursuant to the terms of the Note and Mortgage. The August 31, 2011 written notice of default and acceleration was attached to Gonzalez's affidavit as Exhibit D. The letter shows it was sent by first-class certified

mail. OneWest Bank did not mail the notice of default and acceleration to the mortgage property address located on 12th Street, but rather to Albert's 51st Street address. OneWest Bank later obtained service of the foreclosure complaint upon Albert at the same 51st Street address. The letter was mailed on August 31, 2011, more than 30 days before filing the foreclosure action. We find there is no genuine issue of material fact that OneWest Bank satisfied its duty to provide Albert with notice of default and acceleration pursuant to the terms of the Note and Mortgage. Further, this Court has recently held after interpreting a similarly written notice provision that there was no requirement that the borrower actually receive the notice. *Citimortgage, Inc. v. Cathcart*, 5th Dist. Stark No. 2013CA00179, 2014-Ohio-620, ¶ 14.

Personal Knowledge

{¶23} Albert contends that Gonzalez's affidavit failed to satisfy the requirement of Civ.R. 56(E) that affidavits must be made on personal knowledge with respect to the attached documents' admissibility as records of regularly conducted activity pursuant to Evid.R. 803(6).

{¶24} Evidence Rule 803(6) provides that records of regularly conducted business activity are admissible, as an exception to the rules of hearsay, if shown to be such "by the testimony of the custodian or other qualified witness." The question of who may lay a foundation for the admissibility of business records as a custodian or other qualified witness must be answered broadly.

> [I]t is not necessary that the witness have firsthand knowledge of the transaction giving rise to the record. * * * "Rather, it must be demonstrated that: the witness is sufficiently familiar with the operation of the business

and with the circumstances of the record's preparation, maintenance and

retrieval, that he can reasonably testify on the basis of this knowledge that

the record is what it purports to be, and that it was made in the ordinary

course of business consistent with the elements of Rule 803(6)."

(Citations omitted.) *U.S. Bank Natl. Assn. v. Green Meadow SWS, LLC,* 5th Dist. Delaware No. 21 CAE 09 0069, 2013–Ohio–2002, ¶ 49.

{¶25} In the affidavit, Gonzalez avers that the statements made in the affidavit are based on her personal knowledge and her personal review of the business records for the Note and Mortgage which are the subject of the action. She stated that in her capacity as assistant secretary for OneWest Bank, she has access to the loan documents and loan account records of OneWest Bank, and the affidavit was based on her personal knowledge obtained from review of the records and from her personal knowledge of the operation of the maintenance and retrieval of records in OneWest Bank's record keeping systems. She stated that loan account records are compiled and recorded by OneWest Bank in the course of its regularly conducted business activities, and it is the regular practice of OneWest Bank to make such records. She further stated that loan account records are made at or near the time of the occurrence of each act or event affecting the account by persons with knowledge of said act or event, or from information transmitted by a person with knowledge of acts or events described within the loan account records. She also averred that the records are kept, maintained and relied upon in the ordinary course of business activity. From her position as assistant secretary of OneWest Bank and her statement that she reviewed the documents in the instant case, it may be reasonably inferred that she has personal knowledge to qualify

the documents as an exception to the hearsay rule as a business document. *See Citimortgage, Inc. v. Cathcart*, 5th Dist. No. 2013CA00179, 2014-Ohio-620, ¶ 29.

{¶26} Based on the foregoing, the two Assignments of Error of Diana L. Albert are overruled. The trial court did not err in granting summary judgment in favor of OneWest Bank on its complaint in foreclosure.

## CONCLUSION

{¶27} The judgment of the Stark County Court of Common Pleas, General Division is affirmed.

By: Delaney, J.,

Gwin, P.J. and

Farmer, J., concur.