[Cite as *Carrington Mtge. Servs., L.L.C. v. Shepherd*, 2017-Ohio-868.]

carringCOURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| CARRINGTON MORTGAGE | : | Hon. W. Scott Gwin, P.J. |
| SERVICES, LLC | : | Hon. William B. Hoffman, J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : |  |
|  | : |  |
| -vs- | : | Case No. 2016 AP 07 0038 |
|  | : |  |
| BRUCE R. SHEPHERD, ET AL | : |  |
|  | : | O P I N I O N |
| Defendant-Appellant |  |  |

| CHARACTER OF PROCEEDING: | Civil appeal from the Tuscarawas County Court of Common Pleas, Case No. 2015 CF 08 0487 |
| --- | --- |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | March 8, 2017 |
| APPEARANCES: | |

For Plaintiff-Appellee

JASON WHITACRE
Law Office of John D. Clunk
4500 Courthouse Blvd.
Suite 400
Stow, OH 44224

For Defendant-Appellant

BRIAN FLICK
The Dann Law Firm
P.O. Box 6031040
Cleveland, OH 44103

*Gwin, P.J.*

{¶1} Appellant appeals the June 9, 2016 judgment entries of the Tuscarawas County Court of Common Pleas granting summary judgment in favor of appellee and denying appellant's motion to strike.

*Facts & Procedural History*

{¶2} On August 18, 2015, appellee Carrington Mortgage Services, LLC filed a foreclosure complaint against appellant Bruce Shepherd. The complaint alleged appellee is a person entitled to enforce the note dated July 23, 2008, attached as Exhibit A, that designated the Lender as Taylor, Bean & Whitaker Mortgage Corp. ("Taylor"). Appellee further averred in the complaint that the parties entered into an amended and restated note that increased the principal balance on the promissory note. The amended and restated note is attached to the complaint as Exhibit B and Bank of America, N.A. is designated as the Lender.

{¶3} The complaint also alleged appellant is in default in payment on the note and the mortgage. The mortgage, dated July 23, 2008 and attached as Exhibit C, secures the property located at 8021 Middle Run Rd. Dr. N.W., in Dover, Ohio. The Lender is listed on the mortgage as Taylor with Mortgage Electronic Registration Systems ("MERS") as the mortgagee and nominee for Lender and Lender's successors and assigns. A mortgage assignment dated September 29, 2011, assigns the mortgage to Bank of America. N.A., successor by merger to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP ("Bank of America"). The original lender listed on the assignment is Taylor and the assignment is signed by MERS. A second assignment of mortgage, dated November 18, 2014, assigns the mortgage from Bank of America to

appellee.  Exhibit F to the complaint is a copy of a loan modification agreement, dated June 14, 2013, increasing the loan amount of the mortgage.  Both Bank of America and appellant signed the loan modification agreement.

{¶4}    Appellant filed an answer to the complaint on November 4, 2015.  On April 6, 2016, appellee filed a notice of filing of amended Exhibit B to its complaint.  The amended and restated note is identical to the amended and restated note attached to the complaint, but includes a blank endorsement from Bank of America that was not contained in the copy attached to the original complaint.

{¶5}    Appellee filed a motion for summary judgment.  Attached to the motion for summary judgment was the affidavit of Elizabeth Ostermann ("Ostermann"), an employee of appellee.  Ostermann attached copies of the note, amended and restated note, mortgage, two assignments of the mortgage, the loan modification agreement, and payment history to her affidavit.

{¶6}    Appellant filed a response to appellee's motion for summary judgment and argued:  the affidavit of Ostermann was insufficient because it is not based upon personal knowledge as she did not testify to any familiarity with procedures for creating business records within Carrington; the affidavit of Ostermann was insufficient because no document entitled "Amended and Reinstated Note" exists; and the affidavit is insufficient because the note attached to the motion for summary judgment contains a blank endorsement from Bank of America that was not found in the original note attached to the complaint.  Appellant also filed a motion to strike Ostermann's affidavit, arguing she lacked personal knowledge and the affidavit was ineffective to authenticate the amended and restated note.

{¶7} Appellee filed a reply to their motion for summary judgment and an opposition to appellant's motion to strike. Attached to the opposition to strike the motion was the affidavit of Rachel Valli ("Valli"), the document custodian of counsel for appellee, which provided she was able to testify the original promissory note was received from appellee at the law offices on December 1, 2015 and placed in a secure cabinet. Further, that the note and amended and restated note remain in a secured cabinet at the law offices and she has personally pulled the notes from the cabinet and compared the original with the copies attached as Exhibit A and they are true and accurate copies of the notes in the cabinet.

{¶8} The parties filed a joint stipulation that the pleadings entitled appellant's response to appellee's motion for summary judgment and appellant's motion to strike affidavit shall be considered responsive pleadings to appellee's motion for summary judgment.

{¶9} On June 9, 2016, the trial court issued a judgment entry denying appellant's motion to strike Ostermann's affidavit. The same day, the trial court also issued a judgment entry granting appellee's motion for summary judgment.

{¶10} Appellant appeals the June 9, 2016 judgment entries of the Tuscarawas County Court of Common Pleas and assigns the following as error:

{¶11} "I. THE TRIAL COURT ERRED IN FINDING THE APPELLEE PROVIDED ADMISSIBLE EVIDENCE OF AN ENFORCEABLE INTEREST IN THE AMENDED AND RESTATED NOTE.

{¶12} "II. THE TRIAL COURT ERRED IN ADMITTING SOME, IF NOT ALL, OF THE AFFIDAVIT OF ELIZABETH OSTERMANN."

*Summary Judgment Standard*

{¶13} Civil Rule 56(C) in reviewing a motion for summary judgment which provides, in pertinent part:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed mostly strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

{¶14} A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts. *Hounshell v. Am. States Ins. Co.*, 67 Ohio St.2d 427, 424 N.E.2d 311 (1981). The court may not resolve any ambiguities in the evidence presented. *Inland Refuse Transfer Co. v. Browning-Ferris Inds. of Ohio, Inc.*, 15 Ohio St.3d 321, 474 N.E.2d

271 (1984). A fact is material if it affects the outcome of the case under the applicable substantive law. *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 733 N.E.2d 1186 (6th Dist. 1999).

{¶15} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987). This means we review the matter de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 2000-Ohio-186, 738 N.E.2d 1243.

{¶16} The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the non-moving party's claim. *Drescher v. Burt*, 75 Ohio St.3d 280, 662 N.E.2d 264 (1996). Once the moving party meets its initial burden, the burden shifts to the non-moving party to set forth specific facts demonstrating a genuine issue of material fact does exist. *Id.* The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary materials showing a genuine dispute over material facts. *Henkle v. Henkle*, 75 Ohio App.3d 732, 600 N.E.2d 791 (12th Dist. 1991).

I.

{¶17} In his first assignment of error, appellant argues the trial court erred in finding appellee provided admissible evidence of an enforceable interest in the amended and restated note. Appellant contends appellee's evidence was not sufficient to show it was in possession of and entitled to enforce the amended and restated note.

*Ostermann's Affidavit*

{¶18} Appellant first argues since there is no document entitled "amended and reinstated note" and this is what Ostermann avers in her affidavit that she reviewed, there is a factual and legal question as to whether she reviewed Exhibit B and thus summary judgment is inappropriate. We disagree. In her affidavit, Ostermann states, "a true and accurate copy of the amended and reinstated note which increased the principle balance due upon the promissory note to $180,229.83 and fixed interest rate at 4.000% is attached hereto as Exhibit [B]." While Ostermann misspelled "restated" as "reinstated," she referenced the attached Exhibit B, which is a copy of the amended and restated note.

{¶19} Further, Ostermann also averred in her affidavit that "a true and accurate copy of the Modification Agreement executed by Defendant, Bruce R. Sheperd, is attached hereto and incorporated herein as Exhibit [F]. The Modification Agreement increased the original loan amount of the mortgage to $180,229.83." The modified terms contained within the amended and restated note are also contained in the loan modification agreement executed by appellant. Appellant admits in his answer he executed both the amended and restated note along with the loan modification agreement. Accordingly, we find no issues of material fact as to Ostermann's affidavit.

*Two Versions of the Amended and Restated Note*

{¶20} Appellant next contends that, even if Exhibit B to Ostermann's affidavit is admissible and can be used as evidence in support of appellee's motion for summary judgment, summary judgment is inappropriate because the copy of the note filed with the complaint differs from the copy of the note attached to Ostermann's affidavit in support of the motion for summary judgment. The copy of the amended and restated note attached

to the complaint did not contain an endorsement.  However, in April of 2016, appellee filed a notice of filing of amended Exhibit B.  The amended and restated note is identical to the amended and restated note attached to the complaint, but includes a blank endorsement from Bank of America.  The copy of the amended and restated note with the blank endorsement is also attached to Ostermann's affidavit in support of appellee's motion for summary judgment.

{¶21}  Appellant cites two cases in support of his argument:  *FV-I, Inc. v. Lackey*, 10th Dist. Franklin No. 13AP-983, 2014-Ohio-4944 and *U.S. Bank, N.A. v. George*, 10th Dist. Franklin No. 14AP-817, 2015-Ohio-4957.  However, we find the instant case distinguishable from the cases cited by appellant.  In *Lackey* and *George*, there was no information introduced to explain the inconsistencies between the note attached to the complaint and the note attached to the affidavit in support of the motion for summary judgment.  The Tenth District held, "absent any explanation for the discrepancy between the two versions of the Note, and construing the evidence in favor of appellant as the party opposing summary judgment, it appears that there is a genuine issue of material fact as to whether appellee was entitled to enforce the Note." *Id.*  In this case, Ostermann, in her affidavit, stated the "copy of the amended and restated note attached to the complaint as Exhibit [B] was a copy from Defendant's Loan file from origination and prior to the endorsement."  Appellant offered no facts or evidence contradicting the explanation provided.  Accordingly, the existence of both the endorsed note and unendorsed note in the record did not create a genuine issue of material fact.  See *Deutsche Bank Nat'l Trust Co. v. Najar*, 8th Dist. No. 98502, 2013-Ohio-1657.

*Enforceable Interest*

**{¶22}** The current holder of the note and mortgage is the real party in interest in a foreclosure action and an entity must prove that it was the holder of the note and mortgage on the date that the foreclosure complaint was filed. *Wells Fargo Bank, N.A. v. Horn*, 142 Ohio St.3d 416, 2015-Ohio-1484. However, the Ohio Supreme Court has held that "proof of standing may be submitted subsequent to filing the complaint." *Id.* In this case, though the copy of the amended and restated note attached to the complaint did not contain the blank endorsement by Bank of America, the amended Exhibit B, filed in the case and later attached to Ostermann's affidavit, contained the endorsement.

**{¶23}** Here, the documents submitted with appellee's motion for summary judgment, a copy of the amended and restated note endorsed in blank and Ostermann's affidavit authenticating the amended and restated note and establishing that appellee had been in possession of the endorsed amended and restated note since the date the complaint was filed, demonstrate that appellee was the holder of the amended and restated note at the time it filed the complaint.

**{¶24}** Finally, while appellant focuses his argument on Ostermann's affidavit, appellee also submitted the affidavit of Valli, a document custodian employed by appellee's attorney. In Valli's affidavit, she stated she compared the original of both the note and the amended and restated note to the copies attached to her affidavit and they are true and accurate copies of the note and the amended and restated note. Further, that both the note and the amended and restated note are in a secure cabinet at the law office of appellee's counsel.

{¶25} Appellant provides no evidence to rebut the information contained in either Ostermann or Valli's affidavit. Based on the foregoing, we find the trial court did not err in finding appellee provided admissible evidence sufficient to show it was in possession of and entitle to enforce the amended and restated note. Appellant's first assignment of error is overruled.

II.

{¶26} In his second assignment of error, appellant contends the trial court erred in overruling his motion to strike Ostermann's affidavit. A trial court's decision to grant or deny a motion to strike will not be overturned on appeal absent a showing of an abuse of discretion. *Bank of America, N.A. v. Valentine*, 5th Dist. Delaware No. 14 CAE 07 0042, 2015-Ohio-1107. An abuse of discretion means the decision is unreasonable, arbitrary, or unconscionable. *State ex rel. Crawford v. Cleveland*, 103 Ohio St.3d 196, 814 N.E.2d 1218 (2004).

{¶27} Appellant again argues Ostermann's testimony was inadmissible because she testified to reviewing an "Amended and Reinstated Note," rather than an amended and restated note. As discussed fully in appellant's first assignment of error, we find this argument to be not well-taken.

{¶28} Appellant also argues in his assignment of error that Ostermann's affidavit should be stricken because she lacked personal knowledge. Specifically, appellant argues Ostermann's affidavit should be stricken because she failed to demonstrate some personal knowledge that appellee boarded the records in the ordinary course of business or that she has knowledge the records had been boarded properly.

**{¶29}** Evidence Rule 803(6) provides that records of regularly conducted business activity are admissible, as an exception to the rules of hearsay, if shown to be such "by the testimony of the custodian or other qualified witness." The question of what may lay a foundation for the admissibility of business records as a custodian or other qualified witness must be answered broadly. *Citimortgage v. Cathcart*, 5th Dist. Stark No. 2013CA00179, 2014-Ohio-620. It is not a requirement that the witness have firsthand knowledge of the transaction giving rise to the business record. *Id.* "Rather, it must be demonstrated that: the witness is sufficiently familiar with operation of the business and with the circumstances of the record's preparation, maintenance and retrieval, that he can reasonably testify on the basis of this knowledge that the record is what it purports to be, and that it was made in the ordinary course of business consistent with the elements of Rule 803(6)." *Id.*

**{¶30}** Civil Rule 56(E) provides an affidavit must "be made on personal knowledge [and] set forth such facts as would be admissible in evidence." Civil Rule 56(E). A mere assertion of personal knowledge satisfies Civil Rule 56(E) if the nature of the facts in the affidavit combined with the identity of the affiant creates a reasonable inference that the affiant has personal knowledge of the facts in the affidavit. *JPMorgan Chase v. Snedeker*, 5th Dist. Licking No. 13-CA-98, 2014-Ohio-1593.

**{¶31}** Ostermann is a Vice-President of appellee. In her affidavit, she avers that, in the regular performance on her job functions, she is familiar with business records maintained by Carrington for the purpose of servicing mortgage loans, including appellant's loan. Further, that these records are made at or near the time by persons with direct knowledge of the activity and transactions and are kept in the course of its regularly-

conducted business activity. Ostermann avers it is the regular practice of the mortgage servicing function to make the records and she has personally examined these business records reflecting data and information as of the date of the affidavit.

{¶32} Ostermann further stated in her affidavit that, to the extent the business records of the loan were created by a prior servicer, the prior servicer's records for the loan were integrated and boarded into Carrington's systems, such that the prior servicer's records concerning the loan are now part of Carrington's business records. Additionally, that Carrington maintains quality control and verification procedures as part of the boarding process to ensure the accuracy of the boarded records and it is the regular business practice of Carrington to integrate prior servicers' records into Carrington's business records, and to rely upon the accuracy of those boarded records in providing its loan servicing functions. Ostermann avers her review of the records indicates Carrington assumed the responsibility for servicing this loan from Bank of America on August 1, 2014 and, at the time of the transfer, the business records of the prior servicing agent were incorporated into the records of Carrington, which now relies upon the records in the ordinary course of its business.

{¶33} Ostermann stated that: Carrington had possession of appellant's promissory note; Carrington was in possession of that note at the time the complaint was filed; and the original note was sent to counsel for Carrington. Ostermann also averred that the copy of the amended and restated note attached to Carrington's complaint was a copy from appellant's loan file from origination and prior to endorsement. Further, the modification agreement increased the original loan amount. Ostermann stated Carrington

is the assignee of the mortgage.  Additionally, Ostermann averred Carrington is owed $172,194.34 with interest accruing at the rate of 4% per annum from March 1, 2015.

**{¶34}** Ostermann specifically stated she had personal knowledge of the account. Further, from her position and her statement that she reviewed the loan records in the instant case, it may be reasonably inferred Ostermann has personal knowledge to qualify the documents as an exception to the hearsay rule as a business document.  See *Freedom Mtge. Corp. v. Vitale*, 5th Dist. Tuscarawas No. 2013 AP 08 0037, 2014-Ohio-1549.  The affidavit is properly admissible as Civil Rule 56 evidence and appellant fails to submit any Civil Rule 56 evidence to contradict the affidavit.

**{¶35}** Appellant argues Ostermann's averments that refer to the content and authenticity of records that were created and maintained by other entities before appellee became the servicer were inadmissible.  Appellant is essentially arguing Ostermann did not have sufficient personal knowledge to authenticate the records.  However, there is competent authority that a loan servicing agent may properly authenticate copies of business records and the affidavit of the bank's loan servicing agent provides a sufficient foundation for the admissibility of the relevant loan documents as business records under Evid.R. 803(6).  *Wells Fargo v. Dawson*, 5th Dist. Stark No. 2010-CA-00291, 2011-Ohio-3202; *Deutsche Bank Nat'l. Trust Co. v. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657; *Regions Bank v. Seimer*, 10th Dist. Franklin No. 13AP-542, 2014-Ohio-95.

**{¶36}** Further, the First District found that a successor entity can authenticate the business records of a predecessor so long as those records were: incorporated into the records of the testifying entity; relied upon by the testifying entity; so long as the other requirements of Evid.R. 803(6) are met; and the circumstances indicate that the records

are trustworthy. *Great Seneca Financial v. Felty*, 1st Dist. Hamilton No. C-050929, 2006-Ohio-6618. This Court adopted that logic in *U.S. Bank, N.A. v. Lawson*, 5th Dist. Delaware No. 13CAE030021, 2014-Ohio-463. Here, Ostermann stated the records at issue had been integrated and boarded into Carrington's systems and that Carrington maintains quality control and verification procedures as part of the boarding process to ensure the accuracy of the boarded records. Further, that it is the regular business practice of Carrington to integrate these prior records and to rely upon these records. Appellant offered no facts or evidence contradicting these assertions or to indicate the records or the information in them lacked trustworthiness.

{¶37} Accordingly, we find the trial court did not abuse its discretion in denying appellant's motion to strike Ostermann's affidavit.

{¶38} Based upon the foregoing, appellant's assignments of error are overruled. The June 9, 2016 judgment entries of the Tuscarawas County Court of Common Pleas are affirmed.

By Gwin, P.J.,

Hoffman, J., and

Wise, John J., concur